Grant
v.
Grant and wife *vs.* Van Schoonhoven and others.         Van Schoon-
hoven.

In the appointment of the guardian ad litem for an infant defendant, the
person should be selected who will be most likely to protect the rights of
the infant. And where the father or other natural guardian of the infant
defendant is complainant in the suit, the next nearest relative of the in-
fant is entitled to be heard on the selection of a proper guardian ad litem,
to defend the suit.

To authorize the entry of an order for the appointment of a guardian ad litem
of an infant defendant, upon the certificate of a vice chancellor or special
master, under the provisions of the 146th rule, the petition must distinctly
show that the infant has been served with process ; or that he has been
proceeded against as an absentee, and that an order for his appearance
has been obtained and served, or published.

Persons having adverse, or conflicting interests in relation to the subject mat-
ter of the litigation, ought not to be joined as complainants in the suit.
And the husband cannot obtain a decree depriving his wife of an estate
held in trust for her separate use, upon a bill against her trustees in which
she is joined with him as a complainant. But to obtain such a decree she
should be made a defendant in the suit.

A bill filed by a husband in the name of himself and wife, is considered as his
bill merely And where a bill is filed by the husband and wife in relation
to her separate estate, in which the husband has no common interest with
her, the defendants, if they think proper to do so, may insist that the wife
shall prosecute her suit by her next friend ; so that they may not be sub-
jected to the expence of further litigation, if they succeed in their defence
to such suit.

THIS was a petition by the grandfather of the infant de- August 17.
fendants, on their behalf, to set aside an appointment of a
guardian ad litem, made by a master. The bill was filed
by the father and the mother of the infants, against them
and the trustees under a conveyance for their benefit, to
set aside such conveyance. . The petitioner applied to the
chancellor, upon a petition showing that the father of the
infants was proceeding in hostility to them, and procured
an order for the appointment of the solicitor who had been
employed by him to protect the rights of the infants in the
litigation, to be their guardian ad litem. But before the
entry of the order on that application, McCoun, who was
no way related to the infants, applied to a master and pro-
cured another person to be appointed the guardian ad litem

of the infants ; who immediately put in a general answer for them. It appeared that such application was made to the master without the knowledge of any of the relatives or friends of the infant, that the papers were prepared by the solicitor for the complainants, or his law partner, and that McCoun, who made the application, was a creditor of the complainant, and as such had an interest to have the conveyance set aside.

*G. W. Kirtland,* for the petitioner.

*Cyrus Stevens,* for the complainants.

THE CHANCELLOR. In the appointment of a guardian ad litem for infant defendants, the court should always select such person for that purpose as will be most likely to protect the rights of the infants. And in this case, where the natural guardian and protector of his children is himself the complainant and prosecuting his suit against them, their grandfather, who is their next nearest relative, and who has assumed the burthen of their defence, is entitled to be heard in the selection of a guardian ad litem for that purpose, in whom he has confidence and with whom he can communicate freely on the subject. If the appointment in this case was therefore strictly regular, it would be almost a matter of course to grant the prayer of this petition, even without the advice of the counsel employed for the defence that it is of importance to the interests of the infants.

The appointment by the master, moreover, was not strictly regular, independent of the objection that the person who applied for the appointment was rather the friend of the complainant, and interested in his success, than the friend of the infants and solicitous that they should succeed in their defence. To authorize the appointment of a guardian ad litem of an infant defendant, by an order of course, upon the certificate of a vice chancellor or special master, under the provisions of the 146th rule, the petition should

distinctly show an authority to make the appointment on the ground that the infant had been served with process of subpœna to appear in the suit, or that he had been proceeded against as an absentee, and an order obtained for his appearance under the statute. But the petition, upon which the common order was obtained in this case, merely stated that a bill had been filed against the infant defendants, who were residents of the state of Vermont; without showing that they had been served with process in this state, or that an order for their appearance as absentees had been obtained, and served or published, so as to authorize the master to nominate a guardian ad litem for them.

It may also be necessary for the infants to put in a special answer, in this case, for the purpose of protecting their rights and putting in issue facts material to their defence. And I am inclined to think there is sufficient on the papers before me to show that a special answer should have been put in, for the purpose of raising the objection that these complainants are improperly joined and are not before the court in such a manner as to authorize a final decree disposing of the case upon its merits.

Persons having adverse or conflicting interests in reference to the subject matter of the litigation, ought not to join as complainants in the suit. (*See Davies* v. *Quarterman*, 5 *Lond. Jurist*, 93.) And where a bill is filed by the husband, in the name of himself and wife, it is considered the bill of the husband merely; so that the decree made in such suit is not binding upon the wife in any future litigation. (*Reeve* v. *Dalby*, 2 *Sim. & Stu. Rep.* 464. *Wake* v. *Parker*, 2 *Keen's Rep.* 73. *England* v. *Downs*, 1 *Beav. Rep.* 96. *Owden* v. *Campbell*, 8 *Sim. Rep.* 551.) For that reason where a bill is filed by the husband and wife in regard to her separate estate, in which the husband has no common interest with her, the defendants, if they think proper to do so, may insist that the wife shall prosecute in her name by her next friend; so that the defendant may not be subjected to the expense of a further litigation in

case they succeed in their defence to that suit. On the other hand, if the husband seeks to deprive his wife of an estate held in trust for her separate use, he cannot obtain a decree for that purpose by joining her as a complainant with himself in his suit against her trustees; but should make her a party defendant in such suit.

Here, so far as I can understand the case upon the papers before me, the father of these infant defendants has filed his bill to set aside a conveyance of property to trustees, for the separate use of his wife for life, with remainder to her children. If so, she has an interest adverse to him in the subject matter of this litigation, and should have been made a defendant in the suit instead of a complainant. And the infants should be permitted to put in a special answer to enable their guardian ad litem to insist upon this objection, for the purpose of compelling the complainant to amend his bill accordingly; so that a final decree in the cause may be made at the hearing, upon the merits, instead of having the bill dismissed upon this matter of form merely, and thereby subjecting the infants to the expense of making their defence a second time.

The guardian appointed upon the certificate of the master, under the defective petition, must therefore be discharged; and the guardian ad litem, heretofore appointed by the special order of the court, must be permitted to put in a new answer within the usual time after service of a copy of the complainant's bill upon him.