Sherman *v.* Burnham.

---

SAME TERM.    *Before the same Justices.*

SHERMAN and wife *vs.* BURNHAM and others.

A bill can not be filed by husband and wife jointly, against the trustees of the wife's separate estate, appointed under her father's will, for the purpose of removing the trustees; to have an account from them ; and to have the estate of the testator distributed agreeably to the will.

Where the wife's separate estate is held by trustees in trust for the wife for life, with remainder to her child, the entire beneficial interest is in the wife and her child, and the husband has no interest therein.

A bill filed against the trustees, for an account of the wife's separate estate, and asking for the removal of the trustees, should be filed by the wife alone, by her next friend, making her husband a party defendant.

The child of the wife, who is entitled to the estate in remainder, is a necessary party to such a bill.

Where a suit is brought by the husband, in the names of himself and wife, *it is his*

Sherman *v.* Burnham.

suit only, and will not be absolutely binding on the wife, or prejudice a future claim by her, in respect of her future estate.

If the objection that a bill thus filed is the bill of the husband alone, is not made in the answer, or by demurrer, but only on the hearing, and not at the first opportunity, the court usually disregards the objection; especially where the matter demanded is a specific sum which the court may order to be secured for the use of the wife, and thus protect her interest, and at the same time fully protect the paying party in obeying the decree of the court. But in a case where the separate estate of the wife is to be ascertained by an account, the court will give effect to the objection, in order fully to protect the accounting party against a subsequent independent claim of the wife.

In all cases where the suit is brought for the purpose of taking a trust fund out of the hands of the trustees, or where it is for an account of the trust fund, being in fact a bill for the execution of the trust, all the *cestuis que trust* must be parties.

Where a bill is filed in behalf of a devisee, against the trustees of the estate of the testator, praying in general terms, for an account of the estate and effects of the testator and of every part thereof, without confining the prayer to the property which has come to the hands of the trustees as such, the personal representatives of the testator are necessary parties; as they only can render the account called for.

IN EQUITY.   This was an appeal, by the plaintiffs, from an order of the Hon. A. L. Robertson, late assistant vice chancellor of the first circuit.   The bill alledged that Michael Burnham, late of the city of New-York, departed this life on the 19th of January, 1836, seised and possessed of considerable real and personal estate, leaving his last will and testament, duly executed, so as to pass real estate.   That by such last will the testator gave and devised unto his sons Warren S., Henry and Charles, all his real estate *in trust*, after the death of the testator's wife, to sell and dispose of the same : and the testator declared his will further to be that the moneys arising from such sale or sales should be deemed to be part of his personal estate, and that his wife should receive one-third of the rents and profits of the real estate for life, and that the residue of the clear yearly rents and profits, in the meantime, until the real estate should be sold, should be deemed to be part of his personal estate, and subject to the dispositions of the will concerning his personal estate.   As to the personal estate which should remain, after payment of his debts, and funeral and testamentary charges, the testator gave the

same to his said trustees, upon the trusts and for the intents and purposes, and under and subject to the powers, provisos, declarations and agreements in the will after expressed and declared; that is to say amongst other things, upon trust that the trustees should invest the same in public stocks, or on real securities, at interest, and should pay or transfer all such principal moneys, stocks, funds and securities unto his sons Warren S., Henry, Charles, Michael, James and Thomas, and his daughters Elizabeth, Harriet, Ellen and Anna, equally to be divided among them, share and share alike; the shares of the sons to become vested in them respectively, and to be paid to them, on their attaining their respective ages of twenty-one years; and the shares of the daughters to be vested in the trustees, and applied and disposed of in the manner afterwards stated in the will; with the proviso, however, that if any of the children of the testator, being a son or sons, should die before attaining the age of twenty-one years, or, being a daughter or daughters, should die without leaving lawful issue, then the share of him, her or them so dying should go and accrue to the survivors and be equally divided amongst them. And upon the further trust that the trustees should pay and apply the dividends or interest of the share or shares of such of his said sons as should not have attained the age of 21 years, and of such of his daughters as should be under the age of 21 years and unmarried, for and towards his, her or their maintenance and education respectively. And with respect to the shares of his said daughters respectively the testator declared his will to be that the trustees should pay the dividends, interest and income thereof from the time when his said daughters should attain their respective ages of 21 years, or be married, (which should first happen,) into the hands of his said daughters respectively, for their sole and separate use and benefit, exclusively of their husbands; and that after the decease of his said daughters respectively the shares of such of them as should leave lawful issue should go to, and become vested in, such issue, and the shares of such of them as should die without leaving lawful issue should go and accrue to the survivors of his children. The testator further

declared his will to be that when, and so often, as any of his trustees should die, or refuse to act, or be desirous to be discharged from, or become incapable of acting in the execution of the said trusts, it should and might be lawful for the other trustees to nominate and appoint any other trustee or trustees for the purposes mentioned in the will, in the place of the trustee or trustees so dying, or refusing to act, or desiring to be discharged. The testator, in and by said will, appointed his sons Warren S., Henry and Charles executors thereof, and guardians of his other children during their respective minorities. The bill alledged that the said Warren S. Burnham and Henry Burnham died before the testator, intestate, unmarried, and without lawful issue; that the testator left him surviving his wife, and the following children: Charles Burnham, Michael Burnham, James M. Burnham, and Thomas Burnham, Anna, now the wife of Henry Sherman the plaintiff, and three other daughters. That the said Thomas Burnham died, on the 21st of August, 1841, under the age of 21 years, intestate, unmarried, and without lawful issue, and the said Charles Burnham died on the 23d of February, 1843, intestate, unmarried and without lawful issue, and after he had attained the age of 21 years. That on the 18th of March, 1836, letters testamentary upon said will were issued to Charles Burnham, the sole surviving executor, and that he took upon himself the execution of said will, and of the trusts therein expressed. That on the 26th of July, 1839, the said Charles Burnham, as sole surviving executor of, and trustee under, the said will, by an instrument in writing reciting the power contained in the will for that purpose, appointed the defendant Michael Burnham, one of the testator's sons, to be a trustee in the place of Warren S. Burnham and Henry Burnham deceased, who accepted such appointment. That after the death of Charles Burnham letters of administration upon his estate were issued to the said Michael Burnham and the defendant James M. Burnham; that from the death of the said Charles the said Michael solely assumed the execution of the trusts of the said will, and entered into possession of all the estate which was of the said testator Mi-

chael Burnham deceased, and all the books, vouchers and securities belonging to said estate, and assumed the administration thereof and the execution of said will; although the plaintiffs charged that the said Michael had never been appointed or qualified as administrator on the unadministered estate and effects which were of the said testator, but had assumed so to act *as executor in his own wrong*, and from thence hitherto had continued iu the sole possession of the said estate, books, vouchers, securities, &c. as such trustee and executor and trustee, and still possessed the same as such. The bill charged the defendant Michael Burnham with having made various improper sales of the property belonging to the estate, and alledged that Charles Burnham never rendered to the surrogate any account of his doings as executor and trustee; that he never made any division or distribution of the estate, among the devisees and legatees, and never paid or transferred to them, or any of them, or to himself as trustee for the plaintiff Anna A. Sherman, or for any of the daughters of the testator separately, any of the principal moneys, stocks, funds or securities of the estate, or the proceeds or avails, or income, or rents and profits thereof. The bill alledged that the plaintiffs intermarried on the 20th of September, 1843, and that the plaintiff Anna A. Sherman became of the age of 21 years on the 28th day of December thereafter; whereby the plaintiffs became entitled to have and receive from the said Michael Burnham, as trustee, an accurate inventory and account of the estate of the testator, and of Mrs. Sherman's portion of such estate; and that the plaintiffs also became entitled to have and receive from the said Michael Burnham and James Burnham, as administrators of the estate of the said Charles Burnham deceased, a full and accurate inventory and account of Mrs. Sherman's portion of the estate of Michael Burnham deceased which came to the hands of the said Charles as her guardian, and of the rents, issues and profits thereof, together with an account of all the expenditures made on her behalf, during her minority, from the death of the testator to the death of the said Charles; and also from the said Michael as trustee, from the time of Charles' death to the time when Mrs. Sherman

became of the age of 21, &c.; but that they had refused to render the same. The bill then charged that the defendant Michael Burnham was negligent and inattentive to his duties as trustee, and improvident and prodigal in his expenditures; that the plaintiffs had requested him to nominate and appoint two other trustees in association with himself, so as to fill up the original number appointed by the testator, in his will, but that for a long time he refused to make any new appointment; that finally, on the 22d of January, 1845, in opposition to the remonstrances and protests of the plaintiffs, he appointed the defendant James Burnham such trustee, whom the plaintiffs alledged to be an improper person to be thus appointed. The bill charged that the defendants had given no security for the faithful execution of their trusts, and that the rights and interests of the plaintiffs were unsafe in their hands. The bill set forth the execution of a deed, on the 1st day of February, 1841, by Michael Burnham and wife and Elizabeth Burnham, the widow of the testator, to Charles Burnham, Elizabeth Burnham, James M. Burnham, Thomas Burnham, Harriet Russ, and the plaintiff Anna A. Sherman, by virtue of which the grantees, each, became entitled to, and was seised and possessed absolutely and in their own right, of one-seventh part of the portion of the estate of the testator, (being one-eighth part thereof,) given by the will, and which under and by virtue of such will came, or should come to said Michael Burnham, the son; and also to all estates in reversion and remainder, and all benefit and advantage which might come or accrue to him by virtue of the provisions of such will; and also that on the death of Thomas Burnham and Charles Burnham respectively, Mrs. Sherman and the other surviving grantees in that deed became in like manner entitled to all the estates and interests of the said Thomas and Charles in the estate of the testator which they the said Thomas and Charles, or either of them, derived under and by virtue of the will of the testator or the said last mentioned deed.

The bill prayed for an account from the defendants, and that they might be decreed to pay to the plaintiffs what, upon such accounting, should appear to be due to them, or either of them;

that the defendants might be removed from their office of trus-
tee, and other and new trustees be appointed in their stead, and
also that a third trustee might be appointed ; and that the estate
of the testator might be distributed agreeably to the will.   The
bill also prayed for an injunction, and a receiver.

Answers were put in, by the defendants, and proofs taken.
It appeared from the proofs that since the filing of the bill, Mrs.
Sherman, the plaintiff, had given birth to a child, who was not
made a party to the suit.   On the 30th of December, 1846, the
assistant vice chancellor made an order as follows : " It appear-
ing that the bill and proceedings in this cause are defective for
want of proper parties—but such defect has not been set up by
the defendants, or any of them, in their answer to the com-
plainants' bill of complaint—and it appearing to the court that
this suit involves the distribution of a fund claimed to be in the
hands of the defendants, Michael Burnham and James M. Burn-
ham, a part whereof, it is alledged, is the separate estate of said
Anna A. Sherman, one of the complainants, and it also ap-
pearing that there is no personal representative of the estate of
Michael Burnham, deceased, made a party to this suit, and it
not appearing by the proceedings or proofs in this cause whether
any and what children of the daughters of Michael Burnham,
deceased, are in existence, and this court being unwilling to
make any decree in relation to said fund before the said
Anna A. Sherman shall be properly represented and made a
party to this suit, in regard to her said separate estate, and also
that such personal representative and children of the daughters of
the said Michael Burnham, deceased, if any, should also be made
parties to this suit ; it is ordered that it be referred to Stephen
Cambreling, Esq. one of the masters of this court, to inquire whe-
ther there are any such personal representatives, or children, and
who the same are, and generally whether all persons who are
interested in the fund, the distribution or an account whereof is
sought in this suit, are made parties, and, if not, who such per-
sons are, and that the said master report thereon with all
speed.   And it is further ordered that the hearing of said cause
stand over in order to enable the said complainants, on the com-

ing in and confirmation of the said master's report, to make such persons parties as said master shall report to be such necessary parties. And it is further ordered that the said complainant, Henry Sherman, have liberty to add such parties, either as co-defendants or co-complainants, as he may elect; if complainants, by suitable amendments of the bill in relation to their interests, or if defendants, by like amendments, or supplemental bill, as he may be advised, and to add the said Anna A. Sherman, by a next friend, as complainant, or to add her name as a co-defendant, and amend the bill and proceedings in this cause by striking out her name as a complainant therein. And it is further ordered that the said complainant, Henry Sherman, shall not be permitted to add the said Anna A. Sherman, by her next friend, as a co-complainant, unless he amend the prayer of his bill by striking out therefrom so much thereof as seeks to appoint or remove any trustee of the separate estate of the said Anna A. Sherman, and consents (reserving his right thereto in any future suit,) not to ask in this cause any relief wherein he may have an interest adverse to that of his wife, the said Anna A. Sherman, in regard to her separate estate, such consent to be filed and a notice thereof served as hereinafter directed. Nor shall he be permitted to add, as co-complainants, any other parties interested in the removal of or appointment of trustees of the estate and funds mentioned in the bill of complaint, without a consent to waive all right to proceed for such removal or appointment in this cause, (without prejudice to any new bill to be filed therefor,) such consent to be filed, and a copy thereof, with notice to be served in manner aforesaid. And it is further ordered that the said complainant, Henry Sherman, elect whether he will amend the pleadings and proceedings in this cause in the matters aforesaid, and the manner in which he shall so elect to amend the same, by serving notice of such election, in twenty days from the date hereof, on the solicitor for the defendants Michael and James M. Burnham, and shall actually amend the same in ten days after the confirmation of said master's report by such amendment and consent as aforesaid, or else that the bill in this cause be dismissed, with costs

Sherman *v.* Burnham.

to the defendants Michael, James and Elizabeth Burnham, without prejudice to the complainants, or either of them, filing a new bill making proper parties. And it is further ordered, that in case the said Henry Sherman elect to make any such amendments, that he pay to the solicitor for the defendants Michael Burnham, James Burnham, and Elizabeth Burnham, the costs of this present hearing, to be taxed, excepting therefrom the costs of any papers furnished to the court on such hearing, and that the question of the costs of said amendments and proceedings, in case the same shall be made or had, and of this hearing, be reserved until the final hearing, and that all other questions and equities be reserved until such final hearing."

From this order the plaintiffs appealed.

*H. Sherman,* for the plaintiffs.

*Ralph Lockwood,* for the defendants.

*By the Court,* EDMONDS, J. Mrs. Sherman has an interest in her father's estate: 1. As cestui que trust of a share devised to her use for life, with remainder to her issue, the income payable to her, irrespective of her husband. 2. As purchaser in fee of a portion of Michael B.'s share: and 3. The bill claims that under that purchase she acquired her brother Michael's share in the portions of her brothers Charles and Thomas. This last claim is denied by the answers: Michael insisting that his interest in Charles' and Thomas' portions did not pass by his conveyance; but the two first statements of her interest are admitted.

The object of the bill is, 1. To remove the trustees of her estate, appointed under her father's will: 2. To have an account as well of all the estate of her father, as of the rents and profits received by the trustees upon that part which they hold in trust for her for life, and upon that part whereof she is seised in fee: and 3. To have the estate distributed agreeably to the will.

In the part which is held in trust for Mrs. Sherman for life, with remainder to her child, it is manifest that her husband has

Sherman v. Burnham.

not any interest whatever; the entire beneficial interest being in her and her child. The bill asks an account of this part thus situated, and for the removal of the trustees, without making the child a party to the suit, or making Mrs. Sherman a party, except as she is joined with her husband as co-plaintiff. Can this be allowed?

The suit can be controlled entirely by the husband, who has no interest, and in defiance of the wishes of those who alone have an interest. Could the trustees make a valid contract with him to surrender their trust into his hands? Could they render to and settle with him an account of the estate thus held by them in trust? Clearly not. Then upon what principle could the court compel them to do either? The trustees could not be discharged either from their trust or upon an accounting, without bringing properly into court the real parties in interest, namely, Mrs. Sherman and her child.

It is insisted, however, that Mrs. Sherman is a party in a proper manner, and indeed in such manner that she may properly be regarded as representing her child's interest. Where a suit is brought by the husband in his own name and in that of his wife, it is his suit only, and will not be absolutely binding on her. (*Story's Eq. Pl.* § 61. *Grant* v. *Van Schoonhoven*, 9 *Paige*, 255. *Griffith* v. *Hood*, 2 *Ves.* 452. *Simons* v. *Horwood*, 1 *Keen*, 7. *Hughes* v. *Evans*, 4 *S. & S.* 188.) But on his death she may abandon it without even being liable for costs; and the suit is abated by his death unless she chooses to proceed. (*Story's Eq. Pl.* § 361.) And where the suit is brought by the wife for her separate property it is incorrect practice for the husband to be made a co-plaintiff. She ought to sue as sole plaintiff by her next friend, and the husband be made a party defendant; for he may contest that it is her separate property, and the claim may be incompatible with his marital rights. (*Story's Eq. Pl.* § 63. *Sigal* v. *Phelps*, 7 *Sim. Rep.* 239. *Wake* v. *Parker*, 2 *Keen*, 59.) In the latter case, Lord Langdale remarks, that in cases of account, where the wife is, as to her separate estate, entitled to prosecute a suit by her own authority, independent of her husband, there seems to be no

reason why a suit brought by her husband should bind her; why she may not at any time institute a new suit for the same matter, by her next friend; or why a decree should be a bar to a new suit instituted by her next friend.   And the court, in *Hughes* v. *Evans*, (1 *Sim. & Stu.* 185,) held that where the husband and wife join in the suit as plaintiffs it is to be considered as the suit of the husband alone, and will not prejudice a future claim by the wife in respect of her separate estate.   And this is upon the principle that not only ought the wife to be protected in the enjoyment of her separate property, but the parties who are sued ought to be protected against concurrent or consecutive demands of the husband suing in the names of himself and wife, and of the wife suing by her next friend.

It must not, however, be overlooked, that the objection which we are considering was not made in the answer, or by demurrer, but only on the hearing, and not at the first opportunity which the defendants had to make it.   In such case it is not uncommon for the court to disregard the objection that the bill is the husband's alone; especially where the matter demanded is a specific sum which the court may order secured for the use of the wife, and thus protect her interest, and at the same time fully protect the paying party for obeying the decree of the court.   But in a case where the separate estate of the wife is to be ascertained by account, the court feels itself bound to give effect to the objection, in order fully to protect the accounting party against a subsequent independent claim of the wife; and because the wife appears to have a right to have her separate estate ascertained by a proceeding of her own, independently of her husband.   ( *Wake* v. *Parker*, *supra.*   *Calv. on Part. ch.* 3, § 21, *pp.* 365, 374.)

Thus far, then, the assistant vice chancellor was right in refusing a decree for an account, on the husband's bill alone; unless it was amended by making the wife a party by her guardian ad litem.

But whether her child ought also to be a party is another question.   It is very clear to me that in the present condition of this case, it being the husband's bill alone, and the wife not

being a party independently of him, she is not in a condition adequately to represent the whole share and protect her child's interest in the residuum from the encroachments of her husband. She appears only as a plaintiff with, and in subordination to, her husband, in a suit which, so far as she is concerned, is entirely under his control. (*Simons* v. *Horwood*, 1 *Keen's Rep.* 7.) In what form and by what proceeding can she interfere independently of him, or antagonistical to him, for the protection of her child's interest? But if she were a party independent of him, acting by her guardian ad litem, she could not be regarded as representing the whole interest, as well the remainder as the particular estate. For while, as a general rule, it is sufficient to bring before the court the first person in being who has a vested estate of inheritance, together with those claiming the prior interests, (for instance a tenant for life,) omitting those who may claim in remainder or reversion after such vested estate of inheritance, it is also a general rule that in suits respecting the trust property, all beneficially interested are necessary parties. (*Mitf. Pl.* 173. *Eagle Fire Ins. Co.* v. *Cammet*, 2 *Edw. Rep.* 128.) Here the first estate of inheritance is in the child of Mrs. Sherman, who must be made a party.

In all cases where the suit is to take the trust fund out of the hands of the trustees, or where it is for an account of the trust fund, being in fact a bill for the execution of the trust, the cestuis que trust must all be parties. (*Manning* v. *Thesiger*, 1 *S. & S.* 106. *Hamm* v. *Stevens*, 1 *Vern.* 110. *Calv. on Part.* 211.) Where the suit is merely to enable the trustees to get possession of the trust fund, the cestuis que trust may be omitted, but not where it relates to the execution of the trust. (*Calv. on Part.* 214.)

The tenant for life represents the entire fee only under peculiar circumstances, (*Calv.* 192,) as for instance, the case where the remainderman in tail is not in esse. (2 *Vern.* 526.) But such persons only are represented by the tenant for life, whose interest may be barred by the child of the tenant for life. (*Lloyd* v. *Johnes*, 9 *Ves.* 55.) The assistant vice chancellor was then

right also in exacting that Mrs. Sherman's child should be a party to the suit.

Whether the personal representatives of Michael Burnham, the testator, ought to be parties, must depend on the frame and scope of the bill.

It asks for a just, full, true, and particular account of all and singular the estate and effects of the testator Michael Burnham deceased, and of every part thereof, as well against Michael jun. and James, as administrators of the surviving executor, as against Michael as executor *de son tort*, and praying that such account may set forth the particular nature, quantities and qualities, and true and utmost value of the estate and effects of the testator, and of every part thereof, and how it has been disposed of, and when, and to whom, and for what consideration, and whether any and what part remains undisposed of, and why. If the bill had confined itself to the property which had come to the hands of the trustees as such, there might, perhaps, be force in the objection that the personal representatives were not necessary parties; but when it goes farther, and seeks of the defendants that account which can only be rendered by the representatives of the testator, they must of necessity be made parties; for otherwise the accounting would not bind the estate. It is doubtless to avoid this obvious difficulty that the bill seeks to charge Michael jun. as an executor *de son tort;* evidently overlooking the provision of our statute (2 *R. S.* 449, § 17) which abolishes all liability as executor *de son tort,* but subjects a party who interferes with the property of a deceased person to responsibility as a wrongdoer, to the executors or general or special administrator of the deceased person.

In all three of the aspects, then, in which the assistant vice chancellor has thought the cause should stand over for the addition of other parties, I am inclined to think he was right, and his decree ought to be affirmed with costs.

I have not overlooked the suggestion of the plaintiffs that they were properly joined as plaintiffs, because the wife had a joint interest with her husband. But the obvious answer is that the bill is not confined to that joint interest, but goes far-

ther, and aims at her separate estate.   In order to reach that, she ought to be made a party by her next friend, independently of her husband, as representing the life estate, and her child as seised of the remainder.   It is this phase of the bill which renders other parties necessary ; and that necessity is not obviated by the fact that the bill includes, with her separate estate, a demand of relief as to a joint interest.

Decree of the assistant vice chancellor affirmed with costs.

SAME TERM.   *Before the same Justices.*