Ackley v. Tarbox.

---

ACKLEY and wife *vs.* TARBOX & WEBSTER.

Husband and wife cannot maintain an action in their joint names, to recover for the conversion of the separate property of the wife. In such a case the wife must sue alone.

APPEAL from a judgment of the county court of Otsego county, affirming the judgment of a justice of the peace.

*By the Court,* MASON, J. This action originated in a justice's court. The action was brought to recover the value of

a cow, the separate property of Mrs. Ackley, one of the plaintiffs, and alleged to have been converted by the defendants. The plaintiffs are husband and wife, and bring this action in their joint names. The complaint charges that the defendants broke and entered upon the premises and close of the plaintiffs in their possession being, and then and there took and carried away one cow, of the value of $50, the property of Demarias Ackley, one of the plaintiffs, and the wife of the other plaintiff, Warren Ackley, and converted the same to their own use. There is a general denial in the answer, amongst other defenses set up, which it is not necessary to notice. The plaintiff recovered a judgment for $40 damages and $10.09 costs, which, on appeal, was affirmed by the county court of Otsego county. After the plaintiffs had rested, the defendants moved for a nonsuit, upon the ground, amongst others stated, that this action cannot be maintained in the joint names of the plaintiffs; that the wife should have brought the action in her own name alone. The motion was denied. The defendants had the right to raise this question, of the alleged defect of parties plaintiffs, on a motion to nonsuit.

They could not demur for such a defect, in a justice's court. The code only allows a demurrer in a justice's court when the pleading is not sufficiently explicit to enable the party to understand it, or when it contains no cause of action or defense. (*Code*, § 64, *sub.* 6.) The question is presented, therefore, for our adjudication, whether the husband and wife can maintain an action in their joint names to recover for the conversion of the separate property of the wife. The question is one which seems to have greatly perplexed the judicial mind of the state, and in regard to which there is much conflict of decision. This series of conflicting decisions, running from the very commencement of our new system of pleading and procedure, seems to have involved this subject in great obscurity and difficulty, which even the attempts of the legislature have not proved successful to remove. We have never

decided this question in general term in this district.  It is
proper, therefore, that we should consider it.  This question
has become of more importance since the passage of the acts
of 1848 and 1849 for the more effectual protection of the
property of married women, as it involves a large and con-
stantly increasing class of cases heretofore unknown.  The
wife under these statutes may take and hold property and
dispose of it, the same as if she were unmarried.  In this re-
spect she is entirely freed from the disability of coverture
which the common law has thrown around her.  The 114th
section of the code, as it now stands, and as it stood when
this suit was tried, declares that "when a married woman is
a party, and the action concerns her separate property, she
may sue or be sued alone."  In the case of *Van Buren and
wife* v. *Cockburn*, (2 *Code Rep.* 62,) which was an action of
ejectment brought in the joint names of husband and wife to
recover the separate real estate of the wife, it was held that
the words, "may sue alone," are not to be construed as
"must sue alone," and that a demurrer would not lie for a
misjoinder of parties because of the husband being joined.  In
the case of *Ingraham and wife* v. *Baldwin*, (12 *Barb.* 10,)
which is a general term decision, in an action of ejectment,
Judge Willard, in delivering the opinion of the court, in
passing, throws out the same idea, and expresses the opinion
that in such action the husband may properly be joined.  He
bases his opinion, however, upon the idea that the husband
was seised in the right of his wife of a life estate, as tenant
by the curtesy initiate, and the wife was seised of the fee.
The case is not authority, for the reason that the point was
not in judgment in the case, and the case was decided on
other grounds; and I am entirely clear that Judge Willard's
reason for making the husband a party in that particular is
unsound, and cannot be supported.

In the case of *Willis* v. *Underhill*, (6 *How. Pr. R.* 396,)
Justice Roosevelt held that where the suit affects alone her
separate property, a married woman may sue alone; but in

Ackley v. Tarbox.

the subsequent case of *Rusher and wife* v. *Morris and wife*, (9 *How. Pr. R.* 266,) he decided, on demurrer to the complaint, that she might very properly join her husband with her in the action, and that there is nothing illegal in her so doing; holding that the expression, "may sue alone," does not mean that she must do so. And he uses the emphatic expression, that "he is not disposed to adopt, either as a consequence of the code or of the acts for the better protection of their rights, the harsh rule that a married woman must be turned out of court merely because she comes into court arm in arm with her husband." Justice Hand says, in the case of *Howland* v. *The Fort Edward Paper Mill Co.* (8 *How. Pr. R.* 505, 512,) that in all cases in which the wife sues or is sued by a stranger, in respect of her separate property, her husband should be a party plaintiff or defendant, unless he is civilly dead; but the case is more characterized by the citation of cases that do not decide the point than it is by any reasons assigned, or by any description of the provisions of the code, and seems to be a kind of general digest of cases. In the case of *Brownson and wife* v. *Gifford and others*, (8 *How. Pr. R.* 389,) Judge Harris has fully considered this question on a demurrer to the complaint, where the husband was joined with the wife in an action for the partition of her separate property, and he holds that the husband cannot be joined. The case is well considered, and *Van Buren* v. *Cockburn* (2 *Code Rep.* 63) is expressly overruled. The question is elaborately considered by Judge Hoffman of the superior court of New York, in *Smith* v. *Kearney and others*, (9 *How. Pr. R.* 466,) in which he repudiates the decision of Judge Roosevelt, in *Rusher* v. *Morris*, (9 *How.* 266,) and holds that the husband cannot be joined with the wife in such a case. This opinion is well reasoned, and to my mind convincing; and is a clear exposition of the code and the former practice in equity. In speaking of this 114th section of the code, he says: "It is now provided that when a married woman is a party, her husband must join with her, except when the

action concerns her separate property she may sue alone ;" and that " when the action is between her and her husband, she may sue or may be sued alone." He adds : " This last clause is unmeaning, unless the words, ' may sue alone,' in the above preceding clauses, mean simply that she is to sue alone without her husband, and the husband cannot be joined with her." These cases are all reviewed by Van Santvoord in his admirable work on *Pleading*, (*see pages* 99 *to* 105,) and the latter cases approved and the former disapproved ; and he is greatly strengthened in his conclusion by a reference to the former practice in equity. It was the settled equity practice before the code, that a suit in relation to the wife's separate property, when the interests of husband and wife were in conflict, could not be brought in the names of both husband and wife. The action in the name of husband and wife was regarded as the suit of the husband alone ; and the wife being entitled to her separate action in respect to her separate property, such action in the name of husband and wife would not preclude her from bringing another action by her next friend ; and consequently it was held that her husband ought not, and could not, be joined when the action concerned her separate property, and his interest seemed to conflict with hers. (*Story's Eq. Pl.* §§ 61, 62 *and* 63, *and notes.* 2 *Ves. R.* 458. 7 *Sim. R.* 239. 1 *Sim. & Stu.* 185. 6 *Barb.* 404. 3 *Barb. Ch. R.* 399. 9 *Paige*, 255. 10 *id.* 193. 2 *Barb. S. C. R.* 493.) In *Stuart* v. *Kissam*, (2 *Barb. S. C. R.* 493,) which was a bill in equity under the old practice, for the purpose of enforcing a bond and mortgage held by the defendant in trust for one of the plaintiffs, a married woman, as her separate property, the court said the suit should have been brought in the name of the wife alone ; that a suit in the name of husband and wife, in relation to the wife's separate property, is so far considered the suit of the husband as that a decree made in it adverse to the wife's claim, will not bar her from a subsequent suit in her own name, by her next friend, for the same matter. Precisely the same doctrine was held by Chancellor Walworth,

in the case of *Grant* v. *Van Schoonhoven*, (9 *Paige*, 255,) and reaffirmed in *Bowers* v. *Smith*, (10 *id.* 201.) To the same effect is *Ashton and wife* v. *Jones*, (3 *Barb. Ch. R.* 399,) and *Sherman and wife* v. *Burnham*, (6 *Barb.* 403.) The former was a bill in equity to set aside a will, in which the husband and wife, having conflicting interests, joined as complainants, and the chancellor held that they were improperly joined. In the latter case of *Sherman and wife* v. *Burnham and others*, which was a bill in equity, before the code, against the trustees of the wife's separate estate, to remove them, and that they account, the supreme court, on appeal, held that the suit should have been brought by the wife alone, by her next friend, and that the husband was improperly joined as a plaintiff. These principles and rules are fully applicable to the system of pleading contained in the code, and the 114th section does no more than enact what was the equity rule in regard to parties in this respect before the code. It provides just what the equity rule was before—that when a married woman is a party, her husband must be joined with her, except when the action concerns her separate property, and except when the action is between husband and wife, and declares that when the action concerns her separate property, she may sue alone. I am of opinion, for the reason stated, that in actions concerning her property the wife must sue alone, and cannot join with her husband; and it follows, that both the judgment of the county court and that of the justice must be reversed. It is unnecessary, therefore, to examine the other questions in the case.

Judgments reversed.

[OTSEGO GENERAL TERM, July 5, 1859. *Balcom, Campbell* and *Mason* Justices.]