Folger, J.
On a sale of lands under the order of the court, if the title proves defective the innocent bidder must be repaid his proper expenses. These include the deposit or percentage paid by him on the sale, the expenses of investigating the title, and the costs of the motion for repayment, if he is put to a motion.
It is said in the authorities that he will be repaid out of the funds in the cause (Reynolds v. Blake, 2 Sim. & Stu., 117; Attorney-General v. Newark, 8 Sim., 71); that if there are no funds of the cause in court the plaintiff will, in a common case, be ordered to pay the purchaser in the first instance (Smith v. Nelson, 2 Sim., 557), and the plaintiff will be at liberty to recover them over in the suit (Berry v. Johnson, 2 You. & Coll. Exch. Eq., 564). This, doubtless, upon the ground suggested by Ld. Eldon, in Lechmere v. Brasier (2 Jac. & Walk., 287), that the suitors must pay for the. mistakes of the court. . '
As a general rule, where all persons who are to be affected by the payment from the funds in the cause, or by the recovery over of the plaintiff in the suit, are parties to it in the first *581 instance, these positions are undoubtedly true; for an error in the proceedings in the cause, or other error or defect rendering necessary or proper a reopening of the sale, may, perhaps, as a general proposition, be laid to the charge of one party to the suit as much as to another.
But nowhere is it laid down, so far as the citations made for us by counsel and as our own research show, that the owner of the equity of redemption, or other ultimate owner of the fee of the premises, when not made a party to the suit, and in nowise having notice of its pendency or of the proceedings in it, shall be made to bear the loss arising from a resale, made necessary by a negligence in the conduct of the action; more especially when the vitiating defect, is the omission to bring him in as a party and thus subject him to the jurisdiction of the court in the action, and hold him bound by its decree.
The authorities above cited, speak generally of the funds in the cause and of the suitors therein, without specifying by whose share or interest in the funds, the purchaser’s expenses must finally be borne; and the expressions in Morris v. Mowatt (2 Paige, 593), a case much relied on, do not go the length contended for here. The final disposition of the purchaser’s claim was there expressly postponed. Although the purchaser had paid ten per centum of the bid, the court did not regard it as a fund under its control for any purpose. The chancellor said no more, than that the purchaser must be paid from the funds arising upon the second sale, or if no second sale should take place, and no other way should be provided for the payment, that the charge must fall on the complainants personally. There is no indication that it was his judgment, that the judgment creditors in that case who were not made parties to the suit, and who were the persons who had the ultimate interest in the premises, ought to be made finally to bear the loss. Indeed, the intimation that the complainants were liable therefor, is in- the opposite direction. It is true that it is said that the proceeds of the second sale, if one took place, must bear the expenses, but it is not declared upon *582 whose share in those proceeds it must fall. And so in Kohler v. Kohler (2 Edw. Chy., 69), cited by respondent, all the parties were before the court, upon whom the expenses of the purchaser were charged, while Lansing v. McPherson (3 J. C. R., 424), Grant v. Van Schoonhoven (9 Paige, 255), and many others of like import, show that the practice of the court is, to charge the expenses of opening the sale, upon those parties whose conduct or negligence made such action necessary.
The appellant appears here as the owner of the equity of redemption, with no one between him and the surplus moneys having a lien thereon prior to him. He would be, under ordinary circumstances, entitled to the whole thereof. Hot being a party to the suit he was not responsible for the irregularity therein. It is not equitable that he should be charged with the loss therefrom resulting, to the relief of the plaintiff who was the responsible author of it.
As against the appellant, the first proceedings were as no proceedings. They did not foreclose his right to redeem from the mortgage. Had the sale first made been confirmed, and the purchaser taken what title he got upon it and gone into possession, [and after that the appellant had come to redeem without suit to that end, he would have been obliged to pay no more than the mortgage debt and interest.' (Adams Eq., 110, et seq. ; Slee v. Manhattan Co., 1 Paige, 48.)
' In Vroom v. Ditmas (4 Paige, 526), and in Benedict v. Gilman (id., 58), it Avas held that the purchaser under a statute foreclosure of a prior mortgage, was only entitled to the amount due on the mortgage under which he purchased * and that the subsequent incumbrancer, coming to redeem, was not bound to pay the costs of the statute-foreclosure; which was a proceeding as to his rights wholly inoperative. This holding would cover the case of this ' appellant Coming to redeem from the respondent, had the latter stood upon the title he got by the first sale. But the surplus moneys arising upon the second sale are the equivalent for the equity of redemption. Upon what principle is the appellant, though made a party to the suit after the abortive sale had been *583 opened, to be deprived of Ms right to the whole of the surplus moneys, and. to be charged with the costs and expenses of proceedings to which he was not subjected, and by which his rights were not affected ? We see none.
The respondent should be paid. But it should be out of the share of the plaintiff in the action, in the moneys raised by the second sale and adjudged to him by the judgment of foreclosure and sale; and the amount of the interest of the appellant in the surplus moneys, should not be lessened by a deduction therefrom, of any moneys to pay the expenses of the respondent.
The order of the General Term appealed from should be reversed, and that of the Special Term affirmed, with costs.
All concur.
Ordered accordingly.