# N. Y. SUPERIOR COURT.

AUGUSTE STRUPPMAN *et al.* agt. AUGUSTE MULLER *et al.*

*Partition — infant parties — security by guardian — discharge of purchaser at a sale by referee.*

Before the statute (*Laws of* 1852, *chap.* 277) was enacted, an infant could not maintain an action for partition at all; under it whether the infant sue alone or be joined as co-plaintiff with other parties in interest, the conditions of the statute must be strictly complied with, upon which the privilege of maintaining the suit is accorded to the infant.

It is irregular to institute proceedings in partition on behalf of an infant, without first obtaining the authority of the court.

The mere joinder with such infant of a tenant in common, as co-plaintiff, will not dispense with the necessity, on the part of the infant, of obtaining the authority to sue, which, under the statute, is a condition precedent to the maintenance of the action; or authorize a decree of sale, except under the conditions which the statute imposes.

Partition will not be ordered upon the application of an infant, unless it be made satisfactorily to appear that the interests of the infant require such partition or sale.

An action of *partition* cannot be prosecuted by or in behalf of *an infant* as plaintiff without the appointment by the court of a *next friend*, pursuant to the act of 1852.

It is erroneous to allow an infant in proceedings in partition, to act by guardian without security.

Persons having adverse or conflicting rights in relation to the subject-matter of a litigation ought never to be joined as complainants.

*It seems* doubtful whether a person claiming interests in the property adverse to that of the infant, such as a right during his life to the rents and profits of land to which they are entitled in remainder, or an interest in the enforcement of an equitable lien upon that land, may join them as co-plaintiffs with himself in a suit to enforce his own right and remedies in *these* respects, and as their guardian *ad litem,* may prosecute such suit, in his own behalf, to a decree in his own favor, impairing or divesting them of their title for the purpose of establishing his own.

---

Struppman agt. Muller.

---

Where the rights and interests of infants are involved, purchasers at judicial sales will be discharged from their purchases, where·reasonable doubt exists as to the validity of the title thereby acquired.

*Special Term, December,* 1876.

ADAM MULLER died seized of certain real estate in the city of New York, leaving a will, by which he devised to his four children, Maria, wife of Charles Struppman; Bertha Muller, Auguste Muller and Louis Muller, his real estate. After testator's death, Bertha married Thomas H. Young, one of the defendants. Maria Struppman died after her father, leaving her husband and three children, all of whom are infants, her surviving; the husband, Charles Struppman, and his three infant children are the plaintiffs. ·The said infants, by their father, presented a petition to the justices of the superior court, stating among other things, that it will be necessary for the petitioners and they are about to commence an action against J. C. Julius Langbein, Auguste Muller and Louis Muller for the recovery of one-fourth of the real estate of Adam Muller, deceased, "and which is in the possession and held from them by the parties to be made defendants." (Langbein was the administrator *de bonis non,* &c., of Adam Muller; Auguste and Louis Muller were infant children of Adam Muller, deceased.) Upon the above petition the plaintiff, Charles Struppman, was appointed guardian *ad litem* of the above named infants, and authorized to prosecute for them the action mentioned in the petition. No further leave was asked or obtained from the court, on the part of the infant plaintiffs to commence and prosecute the action; no bonds were given by the guardian *ad litem* of any of the infants. The complaint sets out the interests of the several parties in the real estate of ·Adam Muller, and prays judgment that the title to or interest in the real estate of the plaintiffs and the several beneficiaries under the will, and the parties to the action, may be declared and fixed, and that the plaintiffs' share in said property might be assigned to

them and partition made of the same and possession given to them. The cause was tried and findings and judgment made and entered fixing the interests of the several parties to the action, and directing the sale of the premises by the referee, Ray Hamilton, esq., and the payment and distribution to the several parties of their respective shares, as found in the findings and decree. The notice of sale was published twice a week for three weeks. The premises were sold July 21, 1876, in several parcels. A. & F. Stern became the purchasers of a house and lot on Fourth street.

The purchasers Stern objected to the title on the grounds :

That the court never acquired jurisdiction of the parties or of the action.

The petition upon which the order of the court was made, appointing a guardian *ad litem* of the infant plaintiffs to prosecute the action, did not set forth or contain the facts required by law.

No proceedings were had, by reference or otherwise, to ascertain the truth of the facts set out in the petition, or as to the necessity for a partition, as required by law.

The order appointing the guardian *ad litem* of the infant plaintiffs, did not require, nor did the guardian make or give a bond to the infants.

That the notice of sale was insufficient, with other objections not considered in the decision.

A motion was made on the part of the purchasers A. & F. Stern to be relieved from their purchase and to have the ten per cent paid by them to the referee refunded, &c.

William Miller, another purchaser at the sale, also objected to the title upon grounds somewhat similar to the above, and a motion was made to relieve him from his purchase. Both motions came on to be heard September 22, 1876.

*James Wiley*, attorney, *Albert Cardozo*, of counsel, for A. & F. Stern.

*Brownell & Lathrop*, for purchaser Miller.

*George F. & J. C. Julius Langbein*, for administrator, &c.

*L. H. Rowan*, for defendant Young.

*Charles Goldzier*, of counsel, for plaintiffs.

SANFORD, *J.* — This action has been instituted and prosecuted apparently for the purpose, and certainly with the effect, of partitioning and selling the real estate of infant plaintiffs, in disregard of the prohibitions and provisions of chapter 277 of the Laws of 1852, entitled "An act in relation to the partition of lands" (4 *Edm. Stat. at Large*, 615). No cause of action in favor of the infant plaintiffs, other than for the partition of real estate in which they are alleged to have an undivided interest, is set forth in the complaint, or is established by the findings or the judgment of the court. In an order preliminary to the suit, whereby their father was appointed their guardian *ad litem*, he was authorized to prosecute an action, on their behalf, for the recovery of an interest in real estate alleged to be in the possession of and to be withheld from them by certain persons who are made parties defendant; but the suit, as actually commenced and prosecuted by him on his own behalf, as well as on theirs, was of a different character, and, as appears from the allegations of the complaint and the prayer for relief, involved an adjudication of the respective rights and interests of all the parties in and to the land constituting its subject-matter, an assignment, apportionment and partition of such rights and interests, and finally, as appears by the record of judgment, a sale of the premises and a distribution of the proceeds thereof among the parties, according to their respective shares, as thus adjudged and determined. I am of opinion that the court had no authority or jurisdiction thus to direct

the partition and sale of the real estate of infants, at their own instance or in a suit instituted in their behalf, except by virtue of and in accordance with the requirements of the statute above cited; nor, indeed, at the instance of or in a suit instnted by other parties in interest, unless such infants were joined with such parties either as co-plaintiffs — in compliance with the conditions and in accordance with the requirements of the statute — or were brought before the court, by the due service of process, as parties defendant, appearing and being represented as such in the manner prescribed by law. Before the statute was enacted, an infant could not maintain an action for partition at all; under it, whether the infant sue alone or be joined as co-plaintiff with other parties in interest, the conditions must be complied with upon which the privilege of maintaining the suit is accorded to the infant. The mere joinder with such infant of a tenant in common as co-plaintiff cannot dispense with the necessity, on the part of the infant, of obtaining the authority to sue, which, under the statute, is a condition precedent to the maintenance of the action, or authorize a decree of sale, except under the conditions which the statute imposes. It is obvious, from an inspection of the record, that in the conduct of this suit in behalf of the infant plaintiffs, the statute has been wholly disregarded, and that none of its requirements have been observed. Proceedings for the partition and sale of the real property of the infant plaintiffs were never authorized by the court prior to the commencement of the suit, nor does the record show that it was made to appear satisfactorily to the court that the interest of the infants required such partition or sale. No next friend to conduct the proceedings on the part of the infant plaintiffs was ever appointed, nor was the security ever given or required which the statute exacts. These irregularities and defects have, in numerous cases, been held fatal to the jurisdiction, and purchasers under judicial sales have frequently been discharged on these grounds (*Clark* agt. *Clark*, 14 *Abb.*

Struppman agt. Muller.

*Pr. R.*, 299; *Lansing* agt. *Gulick*, 26 *How. Pr. R.*, 250; *Jennings* agt. *Jennings*, 2 *Abb. Pr. R.*, 6; *Onderdonk* agt. *Mott*, 34 *Barb.*,106). If it be asserted that a cause of action, other than for a partition of the real property which forms the subject-matter of the suit, is averred and established on behalf of the plaintiff, Charles Struppman, Sr., and that the jurisdiction of the court to maintain an action on his behalf and to render a judgment in his favor for the sale of the premises cannot be questioned; this proposition does not involve, as an incident, the propriety of joining with him, as co-plaintiffs, his infant children, in contravention of the statute, for the purpose of effecting the partition and sale of their real estate; and it may well be doubted whether, claiming as he does interests in the property adverse to theirs, such as a right, during his life, to the rents and profits of land to which they are entitled in remainder, or an interest in the enforcement of an equitable lien upon that land, he may join them as co-plaintiffs with himself in a suit to enforce his own rights and remedies in these respects, and, as their guardian *ad litem*, may prosecute such suit, in his own behalf, to a decree in his own favor, impairing or divesting them of their title for the purpose of establishing his own.

Only parties who are united in interest may be joined as plaintiffs or defendants (*Code, sec.* 119). In this case, the infant plaintiffs had no interest in obtaining the relief demanded by their father. They were in no respect profited by the establishment of his tenancy by the curtesy, or in the enforcement of an equitable lien for his benefit. Their interests, in these respects, were rather adverse to his. It may well be that, in so far as there was a conflict, their rights would have been more effectually protected through the intervention and agency of a different guardian *ad litem* and a separate attorney. Had they been made parties defendant, they would have at least had opportunity to litigate, and to submit their rights to the protection of the court under the form of an issue by answer. Persons having adverse or con-

flicting rights in relation to the subject-matter of a litigation ought never to be joined as complainants (*Grant* agt. *Van Schoonhoven*, 9 *Paige*, 255). It may well be doubted whether infants thus joined, and represented only by their co-plaintiff, as guardian *ad litem*, whose interests are adverse to their own, are before the court or within its jurisdiction in such sense as to be bound by a decree, the purport of which is to impair or divest their title to land, or to effect a sale in partition of their real estate. It is the established practice to discharge purchasers at judicial sales where reasonable doubts exist as to the validity of the title thereby acquired, and the completion of such sales is enforced with great caution in such cases if the rights and interests of infants are involved.

It is worthy of remark that many of the orders and proceedings in the suit appear to have been made upon the consent of the parties, and it is well settled that no consent on behalf of infants can warrant or impart validity to judicial action.

Under all the circumstances, I think the purchasers' application to be discharged should be granted, and that the adult plaintiff should be required to pay the costs and expenses incurred in examining the title.

None of the objections above considered were urged or presented in a like application heretofore made by another purchaser under the same decree.