# SUPREME COURT.

## Brownson and Wife agt. Gifford and others.

Where the testator devised "as to all the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath the same to my executors, and to their heirs and assigns forever, in trust, nevertheless, for the use and benefit of my several children, (naming them,) to be by my said executors and trustees divided equally among them, share and share alike," *held*, that the estate vested in the testator's children, subject to the execution of the *power to make partition by the executors.*

After the devise made as above, the will proceeded to say : "the share of my said son John, to be held by them (the executors) for his use, and the income or interest thereof to be paid to him for his necessary support from time to time until he shall become a reformed man, and worthy and capable of taking care of the same, in the opinion of my said executors and trustees," *held*, that this devise created a *valid trust.* (1 *R. S.* 728, § 55.)

Another clause in the will stated, in substance, that in case the husband of Mrs. Brownson (one of the plaintiffs) "should ask, demand or attempt to collect of the executors any money, as a claim against the testator, for any matter or thing, the devise to her (Mrs. Brownson, one of the children,) should be void," &c.; *held*, that the effect of this was to annex a *condition subsequent*, by means of which the estate, vested in Mrs. B. at the death of her father, might be forfeited. But so long as the condition remained unbroken, she was seized of the estate, and might convey or devise it.

*As to the misjoinder of parties plaintiff.* The interest of Mrs. Brownson (the wife) in her father's estate became by virtue of the will and the operation of the statute, her separate property. Therefore, *held*, on demurrer by all the defendants, that the suit by the plaintiffs, to ascertain and establish the rights and interests of the parties, and that partition be made, should have been brought by *Mrs. Brownson alone*—her *husband* was improperly joined as plaintiff.

*It seems*, that in respect to *parties*, the Code has not changed the system of practice which existed in courts of equity. (*See Code* § 114, *Story's Eq. Pl.* §§ 61–2 *and* 3.) That is, whether or not the wife should sue alone, or be joined with her husband, is to be determined now, as before the Code, by the settled practice of courts of equity.

*As to the misjoinder of parties defendant.* A demurrer will lie for the *non-joinder* of the proper parties defendant, but not for the *misjoinder* of some, who ought not to have been made defendants with others who are properly sued.

If a party is properly sued, he may insist that another ought to be sued with him. But he has no right to object that another, who is sued with him, is improperly made a defendant.

A party who ought not to have been sued may demur, on the ground that no sufficient cause of action is stated as against him, but not for defect of parties.

A *judgment* may properly be rendered, declaring the rights of the parties, and directing that partition should be made; and also providing for an account between the parties in respect to the rents and profits already received.

*Rensselaer Special Term, July,* 1852. *Demurrer.* The complaint states, that, on the 14th of April, 1850, William Adams died, leaving a will whereby, after devising to three of his daughters, specific lots of land, he made the following residuary disposition of his estate: " As to all the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath the same to my executors, and to their heirs and assigns forever, in trust, nevertheless, for the use and benefit of my several children, to wit: Jane Ann, the wife of David Derrick, Elizabeth, the wife of Ebenezer Gifford, Maria, the wife of William Weaver, Azubah, the wife of Nathan Brownson, Hannah, the wife of Andrew Costan, and my son John Adams, to be by my said executors and trustees, divided equally among them, share and share alike, the share to my said son John, to be held by them for his use, and the income or interest thereof to be paid to him for his necessary support from time to time, or until he shall become a reformed man, and worthy and capable of taking care of the same, in the opinion of my said executors and trustees. The share hereinbefore given to my daughter Elizabeth, is charged with, and subject to the deduction therefrom, of the sum of $867,50, principal and interest, heretofore loaned by me to the said Ebenezer Gifford. The share or interest hereinbefore bequeathed, given and devised to Azubah Brownson is upon the express condition that the sum of three hundred dollars, now due to me from Nathan Brownson, her husband, shall be deducted from her share of my estate, hereinbefore devised and bequeathed to her: and in case said Nathan Brownson shall ask, demand, or attempt to collect of my executors and trustees aforesaid, any sum or sums of money, as a claim against me, for any matter or thing whatsoever, that then, and in that case the devise and bequests herein set forth, to said Azubah, are hereby declared void and of no effect, and the property hereinbefore devised to her and for her benefit, is hereby devised to my said executors

in trust as aforesaid, for the use and benefit of my other children, in as full and ample a manner as I have hereinbefore vested my estate in my executors, their heirs and assigns." Barent Adams and Archibald Bull are nominated as executors in the will. Letters testamentary were duly issued to the latter, the former not having qualified or acted as executor.

The complaint states that, besides the lands specifically devised, the testator died seized of various other lands, particularly described, which are still undivided and belong to the said Azubah Brownson, Elizabeth Gifford, Jane Ann Derrick, Hannah Costan, Maria Weaver, and John Adams or the said Archibald Bull, as trustee for him, as tenants in common, in fee simple, in equal portions.

The plaintiffs ask that the rights, estates and interests of the parties may be ascertained, and declared and established, and that partition may be made according to law.

The husbands of the several daughters of the testator and the wife of John Adams, his son, and the executor, are made parties to the suit.

All the defendants joined in the demurrer to the complaint. Three grounds of demurrer are specified: 1. That the complaint does not state facts sufficient to constitute a cause of action. 2. That there is a defect of parties, both plaintiff and defendant, and, 3. That in the complaint several causes of action have been improperly united.

D. L. SEYMOUR, *for Plaintiffs.*

J. PIERSON, *for Defendants.*

HARRIS, Justice.—The devise to the executors for the mere purpose of making partition, was not sufficient to vest the title in them as trustees. They are entitled to neither the possession nor the profits of the land, and, where this is the case, no estate vests. (1 *R. S.* 728, § 49;) Boynton agt. Hoyt, (1 *Denio*, 53;) De Peyster agt. Clendening, (8 *Paige*, 304.) Except the share of John Adams, which, by a subsequent provision in the will, is vested in the trustees, the estate vested in the testator's children, subject to the execution of the power to make parti-

Brownson and Wife agt. Gifford and others.

tion.   Thus, though the devise to the executors is insufficient
to vest any title in the trustees, it is valid as a power, and as
such should be executed.   (1 *R. S.* 729, § 56, 734 § 95;) Root
agt. Stuyvesant, (18 *Wend.* 265.)   Unless, therefore, the parties
can agree among themselves, the division must be made by the
executor, according to the provisions of the will.   The perfor-
mance of this duty may be enforced by the judgment of this
court.   (1 *R. S.* 734, § 96.)

In respect to the share of John Adams the authority to
receive the income or interest and apply the same for his sup-
port, is sufficient to create a valid trust.   (1 *R. S.* 728, § 55.)

In respect to the share of Mrs. Brownson, the effect of that
clause in the will which declares that in case her husband
should ask, demand, or attempt to collect of the executors,
any money, as a claim against the testator for any matter or
thing, the devise to her should be void, &c., was to annex a
*condition subsequent,* by means of which the estate vested in
her at the death of her father, might be forfeited.   Notwith-
standing the condition, so long as it remains unbroken, she is
seized of the estate, and may convey or devise it, in the same
manner as if no such qualification existed.   (4 *Kent's Com.*
125;) Hayden agt. Stoughton, (5 *Pick.* 528;) Brigham agt.
Shattuck, (10 *Pick.* 306;) Sackett agt. Mallory, (1 *Metcalf,*
355.)   In the latter case, a testator had devised all his real
estate to his two sons, upon condition that if either of them
should make any claim upon his estate, he should have no
right by virtue of the will.   It was held that an estate in fee
became vested in each of the sons, upon a condition subsequent.
Accordingly one of the sons was declared to have forfeited the
estate devised to him, by a breach of the condition.

Another ground of demurrer upon which the defendants rely
is, that the husband of Mrs. Brownson is improperly joined
with her as plaintiff.   If there has been this misjoinder of
plaintiffs it is undoubtedly a good cause of demurrer by all the
defendants, while, on the other hand, the joinder of improper
parties as defendants, is only available as a ground of demurrer
by the defendants so improperly joined.   (*Story's Eq. Pl.* §§

509, 544; *Van Santvoord's Pl.* 384. The rule in respect to the misjoinder of defendants, though correctly stated by the latter writer, is made the subject of a *query* as to its soundness. I think, however, the rule is well settled upon authority, and may be vindicated upon principle.

Though the question is not without difficulty, I am inclined to regard the objection that the husband ought not to have been joined as a co-plaintiff with Mrs. Brownson, as well taken. By the provisions of the act for the more effectual protection of the property of married women, (*Sess. Laws* 1848, *p.* 307,) and the act amending the same, (*Sess. Laws* 1849, *p.* 528,) the wife may hold property devised to her, in the same manner and with the like effect, as if she were unmarried. See Snyder agt. Snyder, (3 *Barb.* 621.) The interest of Mrs. Brownson in her father's estate became, therefore, by virtue of the will and the operation of the statute, her separate property. In the prosecution of a suit relating to such property, it is a principle long recognized and settled in courts of equity, that the authority and consent of the wife is necessary, and that such authority and consent should be given and continued independently of her husband. In respect to her separate property, the wife is regarded as a *feme sole*. "In practice," says Story, "where the suit is brought by the wife for her separate property, the husband is sometimes made a co-plaintiff. But this practice is incorrect. In all cases she ought to sue, as sole plaintiff, by her next friend, and the husband should be made a party defendant, for he may contest that it is her separate property, and the claim may be incompatible with his marital rights." (*Story's Eq. Pl.* § 63.) In Wake agt. Parker, (2 *Keen*, 59,) cited in a note to the section last referred to, Lord LANGDALE, Master of the Rolls, entered into a very full discussion of this question, and, while he admitted that it was very usual to file such bills in the name of the husband and wife, he held that when the objection was taken by demurrer he was bound to give it effect. That case, in its principal features, was very similar to the case under consideration. A testator had given to his daughter, Mrs. Wake, an equal fifth part of his freehold estate, and

of his residuary personal estate, for her separate use, for life, and after her death to her children. The bill was filed by the husband and his wife, and their children. Its object was to establish the will and have its trusts carried into execution, and also to have the accounts of the estate taken, and partition of the freehold estates, or else, that these might be sold and the wife's share secured for the benefit of the plaintiffs. The grounds of demurrer relied upon were, first, that the husband and wife ought not to be permitted to sue together for the separate estate of the wife, and, secondly, that the husband having no interest in the subject matter of the suit, was, on that account misjoined as a plaintiff.

In Sigel agt. Phelps, (7 *Sim.* 239,) the suit was instituted by the husband and wife to recover the arrears of an annuity given to the wife for her separate use, and for the appointment of a new trustee of the estate charged with the annuity. It was held that the wife ought to have brought the suit by her next friend, and that the husband ought to have been made a defendant. So in Thorby agt. Yeats, (1 *Younge & Coll. N. R.* 438,) certain stock had been bequeathed in trust for the plaintiff, with directions that it should be transferred to her, upon her attaining the age of twenty-one years, for her separate use, and free from the control of any husband she might marry. She had married, and filed her bill to compel the transfer, making her husband a defendant. It was insisted that though the suit related to her separate property, yet, as it involved no question between the husband and wife, the husband should have joined as a co-plaintiff, but the Vice Chancellor held that he was properly made a defendant.

The same doctrine is well settled in our own courts of equity. The principles upon which it rests are well stated by Mr. Justice EDMONDS, in Sherman agt. Burnham, (6 *Barb.* 403.) See also Bowers agt. Smith, (10 *Paige,* 201;) Grant agt. Van Schoonhoven, (9 *Paige,* 257;) Alston agt. Jones, (3 *Barb. Ch. R.* 397.) In the latter case the Chancellor intimates that the wife might have made the suit her own, as well as of her husband, by suing by her next friend, and thus joining with

her husband as a separate or distinct complainant in the suit. Where this is not the case, the suit in the name of the husband and wife is regarded as the suit of the husband merely, and, in a future litigation, the decree would not bind the wife. See cases above cited; also Pawlet agt. Delaval, (2 *Ves. Sen.* 666;) Hughes agt. Evans, (1 *Sim. & Stu.* 185; *Van Santvoord's Pl.* 74, 81.)

Thus far the question has been considered without reference to the provisions of the Code. In respect to parties, that system of practice has adopted, substantially, the rules which existed in courts of equity. The leading principle, as to plaintiffs, is, that they shall be the real parties in interest. When a married woman is to be a party, the general rule prescribed by the 114th section of the Code is, that her husband must be joined with her. To this rule two exceptions are made, first, when the action concerns the separate property of the wife, and, secondly, when it is between herself and her husband. In these cases, she may sue and be sued alone. Thus, the rule is left precisely as it stood in equity before. (*Story's Eq. Pl.* §§ 61, 62, 63.) The design of making these exceptions was, not to prescribe a new rule, or to allow the wife to join with her husband or not, but merely to authorize her, notwithstanding the general rule that the wife must join with her husband, to sue alone in proper cases. Whether or not she should sue alone or be joined with her husband, is to be determined now, as before the adoption of the Code, by the settled practice of courts of equity.

In this action, I think the husband has been improperly joined as a co-plaintiff. So far as the property devised to the wife is concerned, it being her separate property, the husband has no interest in common with her; he is, in fact, a stranger to the cause of action. On the principle, therefore, upon which it is held that where one plaintiff who has an interest in the subject matter of the action, is joined with another who has no such interest, a demurrer will lie for the misjoinder; this demurrer must be sustained. The suggestion, in Van Buren agt. Cockburn, (2 *Code R.* 63,) that when the action

relates to the separate estate of a married woman, it is optional with her whether the action shall be brought in her own name as sole plaintiff, or in the joint names of herself and husband, cannot be sustained by authority or upon principle. It is apparent that the question did not receive the mature consideration of the learned judge who made the decision.

The objection that the husbands of the devisees who are made defendants ought not to have been joined with their wives as co-defendants, is not well taken. A demurrer will undoubtedly lie for the *nonjoinder* of the proper parties defendant, but not for the *misjoinder* of some who ought not to have been made defendants with others who are properly sued. The 118th section of the Code leaves the plaintiff very much at liberty to choose for himself who shall be made defendants. If a party is properly sued he may insist that another ought to be sued with him. In this he may have an interest. But he has no right to object that another, who is sued with him, is improperly made a defendant. A party who ought not to have been sued may demur, on the ground that no sufficient cause of action is stated as against him, but not for defect of parties.

The complaint states a sufficient reason for making Ellen Adams, the wife of John Adams, a defendant. It alleges that she has or claims an inchoate right of dower in her husband's share of the testator's estate. This, of course, is enough to render it proper that she should be made a defendant in a suit to establish the rights of the parties under the will, and to have the property divided. But, if it were otherwise, for the reasons already stated, the demurrer could not be sustained on the ground of a *defect* of parties.

Nor is there any reason for making Barent Adams a defendant. He is nominated as an executor in the will, but not having qualified, he is not, in fact, an executor, and, not being an executor, he is not a trustee, for, by the terms of the will, the executors are made trustees.

The only other cause of demurrer relied upon by the defendants is, that several causes of action are improperly united. I can see no foundation for this objection. The complaint states

that the rents and profits of the lands in question have, since the death of the testator, been collected by the defendants, or some of them. There is no prayer for relief appropriate to this allegation. It might, perhaps, be disregarded as merely irrelevant; but I can see no objection to a judgment, not only declaring the rights of the parties and directing that partition should be made, but also providing for an account between the parties in respect to the rents and profits already received.

The demurrer is therefore allowed, but solely on the ground that the husband of Mrs. Brownson ought not to have been joined as a co-plaintiff with her. This defect the plaintiffs are to be at liberty to amend. The defendants are also to be at liberty to answer, if they shall so desire. If they do not elect to answer, a judgment may be entered, upon making the proper amendment as to parties, declaring the rights of the parties upon the principles above stated, and directing the executor to proceed and make partition between the parties, according to their respective rights. The parties will probably be able to agree upon the proper form of a judgment to be entered, but if not, it must be settled upon notice. Neither party should have costs as against the other, upon this issue, but the costs of each party should be regarded as costs in the cause, to abide its final determination.