IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNTS OF GILBERT M. VANDEVORT, AS ONE OF THE EXECUTORS OF THOMAS VANDEVORT, DECEASED.

*Will — a provision against making any claim against a testator's estate — when unreasonable — a condition subsequent — when it does not forfeit the estate — rights of infant residuary legatees — jurisdiction of the Surrogate's Court.*

A testator, by his will, gave legacies to certain of his children and grandchildren, and directed that his residuary estate should be divided equally among all his children and grandchildren who should be living at his decease, share and share alike.

In a codicil to his will he stated that, as he was in no wise pecuniarily indebted to any of his children, if any of them presented any claim against his estate, except under the provisions made for them by his will, neither the child so presenting a claim, nor any of the family of the child, should share in his estate, and that all devises and bequests made to such child should be null and void.

There was, however, no gift over in case a child thus forfeited its share. One of his children, having infant children who were entitled to share in the residuary estate, presented a claim to his executors, and it was established as a legal demand against the estate.

In a proceeding taken to settle the accounts of the executors:

*Held,* that the claimant was not barred from sharing in the estate.

That the legacy given the claimant under the will was absolute, and was of a specific sum not stated to be liable to deduction by reason of any indebtedness from the child to the parent.

That the direction forfeiting the share was unreasonable, because it was predicated upon the non-existence of a debt which did, in fact, exist.

That the condition was a condition subsequent.

That a personal legacy, where there is no gift over, does not fail because of the taking effect of a condition subsequent attached thereto.

That the infant children of the child making the claim, not being *sui juris,* could not be prejudiced by the act of their parent.

That, therefore, the provision of the will cutting off the children of a child making a claim could not affect the rights of the infants in the residuary estate.

That the Surrogate's Court had jurisdiction to construe the codicil in order to determine the rights of the parties in the distribution of the estate.

APPEAL by Peter Garlock, as one of the executors of Thomas Vandevort, deceased, from that portion of a decree of the Surrogate's Court, entered in the office of the surrogate of Ontario county on the 2d day of November, 1890, whereby it was adjudged and decreed that the objections to said account be, and the same were,

dismissed, and that the third clause of the first codicil to said testator's will was inoperative and void; and also from that other portion of said decree whereby it was ordered, adjudged and decreed that no other, further or different sums of money for attorney or counsel fees or costs should be allowed to any party or person for services of attorney or counsel in this proceeding, payable from the estate of said Thomas Vandevort, deceased; and also from the decision of the surrogate of Ontario county, holding that the Surrogate's Court had jurisdiction in this proceeding to construe said testator's will and adjudge said third clause of said first codicil inoperative and void.

The third clause of the first codicil of the will of Thomas Vandevort is stated, in substance, in the opinion.

*E. K. Burnham,* for Peter Garlock, executor, contestant and appellant.

*Frank Rice,* for respondent Gilbert M. Vandevort.

*James Robson* for the respondents Clarence S. and Clara E. Vandevort.

MACOMBER, J.:

This appeal presents the question whether the respondent, Gilbert M. Vandevort, and his two children, Clarence S. Vandevort and Clara E. Vandevort, have forfeited the provisions of the will made in their behalf by reason of the filing, prosecution and recovery of a claim by Gilbert M. Vandevort against the decedent's estate.

Thomas Vandevort, the testator, died on the 26th day of December, 1880, leaving a last will to which were attached two codicils. The will bears date August 4, 1875, the first codicil, February 4, 1878, and the second codicil June 12, 1879. By the terms of the will, the testator bequeathed and devised all of his property, situate in Michigan, to his grandchildren residing in that State; but to each of his other grandchildren, with the exception of Albert and Ellen Vandevort, children of A. S. Vandevort, deceased, he gave $1,000; to Albert and Ellen he gave $1,500 each; to his daughter, Maria Garlock, $3,000; to his daughter, Sarah E. Emory, $1,200, and to his son, Gilbert M. Vandevort, $500, each legacy payable two years after decease of the testator, who declared in the will that these bequests were intended to make his children equal in respect

to his benefactions, taking into account advances theretofore made by him.    The residue of his estate, both real and personal, including the proceeds of a farm of 204 acres in Ontario county (which his executors were empowered to sell), he devised and bequeathed among his children and grandchildren who should be living at his decease, share and share alike.    The son, Gilbert M. Vandevort, and Peter Garlock, his son-in-law, were named as executors, and letters testamentary were subsequently, under the probate of the will, duly issued to them.

The first codicil contained the following provision : "As I am in no wise pecuniarily indebted to any of my children, I do hereby order and declare as my will, that if either or any of my sons or daughters shall present to my executors any claim against my estate, other than claims for legacies, bequests and devises provided by my will, that such son or daughter, and none of the family of such son or daughter, shall have any part or share in my estate, or in the distribution of proceeds thereof, and that any and all devises and bequests made in my will to such son or daughter shall be null and void."

Under the findings of the surrogate, which are supported by conclusive evidence in the case, it appears that on the 4th day of February, 1878, the testator, at the time of executing the codicil containing this provision, was actually indebted to his son, the respondent, Gilbert M. Vandevort, in a certain sum of money ; that the same was not paid by the testator during his lifetime, and the indebtedness continued up to the time of the death of the testator ; that the claim was properly proved in the Surrogate's Court of Ontario county upon a judicial settlement of the accounts of Gilbert M. Vandevort, when acting as temporary administrator of the estate of Thomas Vandevort, and was paid to him in pursuance of the decree of the surrogate.

It is claimed by the learned counsel for the appellant that under the above facts  Gilbert M. Vandevort and his two children, Clarence S. Vandevort and Clara E. Vandevort, forfeited their right to any portion of the estate bequeathed or devised to them by the will.   In this contention we cannot concur.   Undoubtedly, the testator having a right to say to whom he should bequeath and devise his property, had the right, also, to impose any proper, lawful and reasonable condition upon any gift which might in a certain

event render the gift inoperative. (Schouler on Wills, 605; 2 Jarman on Wills, 58; *Cooke* v. *Turner*, 14 Simons, 495; S. C., 15 M. & W., 727; *Evanturel* v. *Evanturel*, 31 Law Times [N. S.], 105; L. R., 6 P. C., 1; *Hogan* v. *Curtin*, 88 N. Y., 162.)

The condition sought to be imposed by such provision of this codicil did not prevent the vesting of the gift, but was to the effect that the same might become inoperative in the event that after the death of the deceased and the probate of his will such a claim should be made against his estate. The cases of *Brownson* v. *Gifford* (8 How. Pr., 393); *Hogeboom* v. *Hall* (24 Wend., 146); *Sackett* v. *Mallory* (1 Metc., 355), have, with others, been pressed upon our attention as holding that in these circumstances the benefits of the will were forfeited by the respondents. These and other like cases, however, do not seem to us to be applicable to the facts before us for two reasons.

It will be observed that the bequest to Gilbert M. Vandevort was not of any particular sum, after deducting any supposed indebtedness of the testator to him, but was absolute in its terms. There is nothing in the codicil or elsewhere in the testament of the deceased, tending to show that if any such claim were made and established the amount of the gift contained in the will would be by so much less than it would otherwise be, as was the case *In the Matter of Hollister* (14 N. Y. St. Rep., 335). The testator undertook to establish, by his own positive and unsupported declaration, the fact that he was not indebted to any of his children. If he was in error in this respect, this provision of the codicil went upon an entirely mistaken hypothesis, and when shown to be erroneous, as a matter of fact, it must give way to the general intent expressed in the will. If it was but an arbitrary and deliberate assertion of a fact which he knew did not exist, it would be in its nature a fraud which could not prevail against the clear evidence that such indebtedness did, in fact, exist. Nowhere is there any intention of the testator to be gathered from the will and the codicils that a less sum should be given to Gilbert M. Vandevort and his children than is expressed in the will. Had the bequest been of these several sums of money and portions of his property, less the amount of any claim which might be presented against the estate, the question before us would be entirely different.

We are, consequently, of the opinion that this provision contained in the second codicil was unreasonable and ought not to be enforced in this instance, because it was placed either upon a fact of which the testator was ignorant or upon the ground which he positively knew did not exist. In either event we think the attempted forfeiture of the bequest was inoperative.

There is, however, another ground upon which the decree may be affirmed, and that is, that the provision in question was a condition subsequent, and was made without a gift over of the bequest. A personal legacy, without any gift over, and which fails by reason of the taking effect of a condition subsequent, when made in the limited restraint of marriage or against the contesting of wills, does not fail, as Jarman, in his work on Wills (2 Jarman, 581), and the authorities there cited show. (See, also, *Jackson* v. *Westerfield*, 61 How., 399.) We know of no reason why the rule should be limited to the cases stated by Jarman. That author did not have in mind, doubtless, the fact that other conditions, such as the one before us, might be met in last wills. There is no fact in this case which brings it within the principle enunciated by a majority of the court in the *Matter of Hollister* (*supra*). Had the provision of the will been that, in case the legatees accepted any provision of the will, they should give up any claim which they had against the estate, it would have been a condition precedent, and not a condition subsequent; and, in such a case, an acceptance of any provision of the will would manifestly prevent their successful prosecution of the debt. But, as has already been, perhaps, sufficiently stated, the codicil was executed under a misapprehension of facts, or else in disregard of the legal rights of the respondents, which the testator had no right to ignore. For these reasons we think the decree should be affirmed.

In addition to the foregoing reasons there is another which appertains only to the children of Gilbert M. Vandevort, namely, Clarence S. Vandevort and Clara E. Vandevort, both of whom were infants at the time of the probate of the will, and one still an infant, namely, Clara E. Vandevort. In respect to these grand-children of the testator, it appears to us that there was no condition imposed by the testator which might be considered a condition precedent to the taking effect of their legacies; being infants, and hence without power to appear in court or to act in their own behalf,

a provision for them, otherwise valid, could not, in our judgment, be defeated because of the failure of another person, though their father, to observe the directions of the will. (See *Bryant* v. *Thompson*, 37 N. Y. St. Rep., 431.)

For these reasons we think the decree was correct on the merits and that it should be affirmed.

It is also urged, in behalf of the appellant, that the surrogate had not jurisdiction to consider and pass upon these questions. Without elaborating upon that matter, we content ourselves by simply calling attention to the fact that the question was decided by us in October, 1890, in the case of *Peter Garlock, Executor, etc.*, v. *Ella Vandevort and Others* (58 Hun, 601), which decision was affirmed by the Court of Appeals and reported in *Garlock* v. *Vandevort* (28 N. E. Rep., 599).

DWIGHT, P. J., and LEWIS, J., concurred.

Decree of the surrogate of Ontario county appealed from affirmed, with costs to the respondents payable out of the estate.

---

NOTE. — The rest of the cases of this term, which are to be reported, with the list of decisions in those cases decided and not reported, will be found in the next volume (63) Hun. — [REP.