PINCKNEY a. WALLACE.

*New York Common Pleas; General Term, November*, 1854.

FORECLOSURE OF MORTGAGE.—POWERS OF SURVIVING PARTNER.—
MISJOINDER OF DEFENDANTS.

A surviving partner has the power to assign any chose in action, *e. g.* a bond and
mortgage belonging to the late firm.
A defendant properly joined cannot demur to the complaint for the misjoinder of
another defendant.

Demurrer to complaint.

The facts sufficiently appear in the opinion of the court. We
are not informed of the names of the respective counsel.

INGRAHAM, J.—From the complaint it appears that the action
is to foreclose a mortgage given to secure a bond payable to
Pierce and Peck as co-partners; that Peck is dead, and Pierce,
as surviving partner, assigned the claim to Pinckney.

The defendant demurs to the complaint for two reasons.

*First.* For defect of parties in omitting the representatives
of Peck.

*Second.* For error in making Mary Wallace a party without
showing any right to make her a party.

I. The defect of parties can only be taken advantage of by
demurrer when it appears on the face of the complaint.

In this case no such defect appears. The bond is averred to
be payable to Pierce and Peck as co-partners, and upon the
death of either, the title to the bond vests in the surviving
partner. He has a right to collect all debts due to the firm,
and to sell the property. His responsibility to the representa-
tives of the deceased partner only exists after the partnership
affairs are settled.

Having the right to collect and dispose of the property, he
has the power for that purpose of assigning any chose in action
belonging to the estate.

There is nothing on the face of the complaint to warrant the

conclusion that the representatives of Peck should be made parties to this action, and the demurrer cannot be sustained on that ground.

If in fact this bond and mortgage did not belong to the partnership, such fact may be shown upon the trial, and the plaintiff must then fail; but no such fact appears on the face of the complaint.

II. As to the second cause of demurrer, it is sufficient to say that a misjoinder of defendants is no ground of demurrer.

The complaint, however, must show that any person named as defendant has, or claims, an interest in the matter in controversy, or is a necessary party to a complete determination of the questions involved in it.

It is not averred that Mary Wallace is the wife of William Wallace. If it were so, that would show sufficient cause for making her a party. Even without that averment, the allegation that she has or claims an interest in the mortgaged premises, is sufficient to warrant making her a defendant. She is not under any necessity to appear, as no claim is made against her, and she can incur no liability by her non-appearance.

There would be much more cause of complaint if she had been omitted, than the defendant can have to her being made a party.

Judgment for plaintiff on demurrer.