Peabody, J.
This is a demurrer to a complaint. The. plaintiffs in their complaint state that some time prior to the commencement of this suit, they deposited with the defendants, Goodman, Bates & Whiton, composing the firm of H. H. Goodman <fc Co., in the city of New York, securities of several kinds, rail road bonds and others, to the amount of nearly a million of dollars, for sale for their (plaintiffs’) account. The securities thus deposited are said to have been all of them for sale, and as to some of them, H. H. Goodman <fc Co. were also authorized to hypothecate them as collateral security for loans they might be able to procure for the plaintiffs, and as to others they were only authorized- to sell. The authority given by the plaintiffs to H. H. Goodman & Co. ivas in writing, and is set forth in the complaint. The complaint then proceeds to state different *470 transfers of said securities to ten separate defendants, and states the different contracts under which they were sold, pledged or otherwise conveyed to each of the ten parties defendant, stating the' case of each of the defendants separately. As to each of them, it states a contract which would be void as against the plaintiffs, and proceeds to pray for final relief against each defendant, that the securities held by him be adjudged to be surrendered to the plaintiffs, and then asks the temporary relief of an injunction restraining the disposal or transfer of them during the pendency of this suit.
To this complaint the defendant Ackerman demurs, substantially on the ground of a misjoinder of actions against the different defendants, urging that he should not be united with the other defendants in the suit, but should be sued alone, if at all; and the question presented by this demurrer I am to decide. In the original transaction between the plaintiffs and Goodman &■ Co., lying at the foundation of this matter, the defendants have interests somewhat in common, for on that contract depends the authority of the latter to dispose of the securities in question. It may be said that even by that contract the agents received different authority as to the different classes of securities, so that the holders of one class of them would not be interested in the part which relates to the others, and hence that the interest is not common to them even in this respect, although the authority as to all the securities was embraced in the one writing; and it would no doubt be true to a very considerable extent, upon the theory of the plaintiff, which is that, by that paper, certain powrers are conferred as to some classes of the securities, different from those given as to others.
But assuming that the defendants, all of them, deriving their title through this as a common source of authority to the agent, have a similar if not a joint interest in it, is there such a community of'interest in the defendants that they are properly united in one suit ? For unless there is some connection between the causes of action, so intimate that they may be said in some sense to be united, they are not properly joined. If all the defendants were united in interest as to each of the sev *? eral causes of action, that would he a good reason for uniting them in one suit; but the union of interest must extend to all the defendants, and that interest of them all must extend to all the causes of action, for it is certain that in a suit against five defendants it would not ordinarily he proper to state, as one of the causes of action, a cause unconnected with the others, against only three of them, even though other causes embraced in the same pleading did relate to all the defendants. In other words, upon the general principles of pleading, a person is not properly made defendant in a suit for a cause of action in which he has no interest, and as to which no relief is sought against him. Section 167 of the code, in the last clause of it, expressly requires that where several causes of action are united in one suit, “ they must affect all the parties to the action.”
How is Ackerman, the demurrant, interested in the claim against Murray, for instance ? The transactions of the several defendants with the agents of the plaintiffs are separate and distinct. Ho two of the parties appear to have bought, or contracted for, or received, the securities jointly, (except, perhaps, in one or two instances, where the two composed a firm, and Ackerman’s is not one of these cases.) The agents of the plaintiffs had their securities for sale, and at different times sold or disposed of separate parcels of them to several purchasers. What interest has one of these purchasers in the transaction with another, or the judgment that shall be pronounced upholding or invalidating the claim of that other 1 It neither adds to nor diminishes his rights, nor affects them in any manner, that I perceive.
If the defendants were holding by virtue of some common act—if their title were the same—if some one act or transaction were the foundation of the claim against them all, there would be more ground for saying that they had such a community of interest as to make one interested in the case of the other, though even in that case the necessity for the connection might not be very apparent. If, on the other hand, their claims conflicted, and all the parties had, or might, from *472 the statement of the case, have conflicting claims to the same securities, or each might have an interest in invalidating the securities held by the other, the necessity for joining them as defendants would be quite apparent. This was, to some extent, the case in the great New Haven rail road suit—sometimes called, the Omnibus suit. In that case there was a limit by law to the amount of stock which the company could issue, and it was apparent that any claimant of stock might, in some aspect of the case, be interested in defeating or postponing the claim of another; so that by excluding that, he might, if he could, bring his own within the limit prescribed by the charter. There seemed to be a reason, and even a necessity, for uniting all as defendants there.
In this case there is no such excuse for uniting the actions against the different defendants, and the fact that they all received the securities from the same person, while the contracts under which they received them were distinct and independent, does not seem to me to afford any good reason for uniting them all in a suit against each, to recover back the securities held by him. Here the agent borrowed money on one from A., who had notice that the agent had no authority to pledge it; he borrowed of B. on a pledge of it at a rate usurious,'and which invalidates the security; to 0. he passed one as security for an antecedent debt of his own. Is there any good reason to justify a pleader in making C. a defendant jointly with A., in a suit respecting the security of A. alone ? For, unless there is in the case of each defendant that which justifies the joining of the other defendants in the suit, if it related to the security of the one defendant alone, there is not sufficient cause for joining them as they are joined.
Now if this suit were brought to recover the securities from Mr. Murray alone, what necessity would there be for joining the other defendants in it ? And so, if the suit were to recover from Mr. Ackerman alone, what is claimed against him .in this complaint, what propriety would there be in joining the other defendants ? Have they any interest in Mr. Ackerman’s case? None whatever, that I can perceive. The causes of action are *473 separate and distinct against each defendant. Neither has any legal interest in that against the other, and the causes of action, instead of affecting “ all the parties to the action,” each affects only the party who holds the security to which it relates.
[New York Special Term,
October 5, 1857.
The causes of action are stated separately in the complaint as they should be, and there is no joint liability of any one with the party demurring. He is not in any legal manner, according to the complaint, interested in that of any of the other defendants, nor is any one of the other defendants interested in the controversy between him and the plaintiffs.
Suppose that the several lots of securities were each of them, a house, illegally conveyed by the agents, and this suit was brought to rescind the conveyances and recover them back, and suppose that one of the houses was in Fourteenth str.eet and one on Bowling Green, and the others were in as many different streets in this city ; and suppose that the authority under which the agent sold all of them was, as in this case, contained in one single instrument, and was the same as to all, would there be any doubt that the causes of action and the defendants were improperly united in one suit ? The two cases seem to me to be entirely similar in principle. The foundation of the action as to each defendant, is the transaction by which he gets the particular securities he holds. The contract thus separately made with each, is the contract sought to be rescinded as to him, and the rescission is sought in each case only as to and against the single defendant with whom it was made.
The particular matter in litigation, as to each, is peculiar to his own case, and no one subject or cause of action is common or of joint interest to them all. Brinkerhoff v. Brown, (6 John. Ch. Rep. 156,) and the numerous cases there cited, seem to me conclusive of the principle of this case.
Judgment must go for the defendants, with liberty to the plaintiff to amend, so as to separate him from all the defendants except Goodman & Co., (who, as trustees, may properly be united in a suit against each of the other defendants, at the option of the plaintiff, 2 Paige, 278,) on the usual terms.
Peabody, Justice.]