## SUPREME COURT.

### DAVY agt. BETTS and others.

A *demurrer* to a complaint for an *excess of parties* cannot be allowed; it is only in case of a *deficiency* of parties, that a demurrer will lie; and then the deficiency must appear on the *face of the complaint.*

*New York Special Term, February,* 1862.

DEMURRER to complaint.

CLERKE, Justice. It is now settled that the defect of parties, for which the Code allows a demurrer, (§ 144, *sub.* 4,) is a deficiency and not an excess of parties.

The demurrer in this case has two aspects : the counsel for the defendants insisting that the plaintiff ought to have sued them separately, or, having sued them jointly, that all the stockholders, and not a portion of them, ought to be sued. If he has sued three of them jointly, when he ought to have sued only one of them, this is a redundancy of parties ; the objection to which, as we have seen, can not be taken by demurrer. If he has sued three of them jointly, when he ought to have sued more than three, this, undoubtedly, would be a deficiency of parties, which could be taken advantage of by demurrer. But a demurrer is only appropriate when the ground of demurrer appears

upon the face of the complaint. It does not appear, from the complaint in this case, that there were any stockholders besides the ·defendants. It states, indeed, that they were the owners of 44,750 shares; but it does not appear that the capital stock consisted of any greater number of shares.

If the complaint is uncertain or indefinite in this or any other respect, the remedy is by motion, and not by demurrer.

The demurrer must be overruled, with costs.