DANIEL RICHTMYER and others *vs.* ERVILLA RICHTMYER and others

50b          55
38 Mis¹  56

50b          55
77 AD¹456
39 Mis²640

The defect of parties for which a demurrer is allowed under section 44 of the Code of Procedure, is a deficiency of, and not too many, parties. A demurrer will not lie for a *misjoinder* of parties.

The joinder of too many parties as defendants, when there is no misjoinder of *subjects*, is not a ground of demurrer by any one of them against whom the plaintiff states a good cause of action.

Trusts were created in real and personal estate belonging to the *cestui que trust*, by three different instruments, by the first and second of which the trustee was to receive the rents and profits of the property, and was to furnish the *cestui que trust* with necessary board and maintenance, and by the third, he was to secure to the *cestui que trust* a good and comfortable living and maintenance. *Held* that these instruments being between the same parties and relating to the same subject matter, embraced one transaction, and could not well be effectually closed up by a separate suit in reference to the personal, and another embracing only the real estate. And that as an action to close up the trust would lie, if both the parties were alive, there was no good reason why such an action could not be brought in the names of the personal representatives and heirs at law of the *cestui que trust*, against those who represented the trustee, viz. his widow and heirs.

*Held, also,* that it was no objection to the maintenance of such an action that the plaintiffs, in their complaint, asked a conveyance of the real estate acquired by the trustee, to the parties entitled thereto; that being only a result which followed an accounting for the rents and profits of the real estate, and not an independent cause of action, and that it might properly be united with the claim to account for the personal property received.

The administrators of the *cestui que trust* are proper parties plaintiffs in such an action, because they represent the personal estate which is blended with the real estate; and the heirs at law, because they represent, and are entitled to, the real estate.

It is proper to unite in such an action every thing connected with the trust and arising from it.

If there is a misjoinder of parties, that is, if the facts stated in the complaint show no cause of action against the defendants, in favor of one of the plaintiffs, the defendants may demur, under the 6th subdivision of section 144 of the Code, *as to such plaintiff*, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and *as to such plaintiff* the *complaint will be dismissed.*

When a defendant demurs under the 6th subdivision he must specify the plaintiff to whom he objects as a party.

APPEAL from an order made at special term, overruling a demurrer to the complaint.

*D. K. Olney*, for the appellants.

*H. Smith.* for the respondents.

MILLER, J. If the demurrer to the plaintiff's complaint in this action can be sustained, it must be upon the ground that several causes of action are improperly united. The defect of parties for which a demurrer is allowed under section 344 of the Code, is a deficiency of, and not too many, parties. A demurrer will not lie for a *misjoinder* of parties. (*Peabody* v. *Washington Co. Mut. Ins. Co.*, 20 *Barb.* 342. *Davy* v. *Betts*, 23 *How. Pr.* 396. *Gregory* v. *Oaksmith*, 12 *id.* 134. *Id.* 547. *Pinckney* v. *Wallace*, 1 *Abb. Pr.* 82. *Id.* 44. *Barbour on Parties*, 544. 16 *Barb.* 541.) The joinder of too many parties as defendants, when there is no misjoinder of *subjects*, is not a ground of demurrer by any one of them against whom the plaintiff states a good cause of action. (*New York and New Haven Railroad Co.* v. *Schuyler, et al.*, 17 *N. Y. Rep.* 592, 604.)

It is urged that the causes of action set forth in the plaintiff's complaint embrace claims to recover real estate and to compel conveyances thereof, which can only be brought by the heirs at law or devisees, and claims to recover money and to enforce an accounting, which should be brought by the administrators of George P. Richtmyer, deceased. The action is brought to close up a trust of both real and personal property. Although the trusts were created by different instruments, they are between the same parties, and relate to the same subject matter. Their object was to make a provision for the *cestui que trust*, and had the trustee and the *cestui que trust* both been alive, there can, I think, be no doubt but that an action could have been brought by the latter against the former to close up the trust. The trusts created related

to property belonging to the *cestui que trust*, and to his support and maintenance, and were so connected together that it is difficult to see how the trustee could account for his acts under one of the instruments without involving the other. By the first and second the trustee is to receive the rents and profits of the real estate and the personal property, and is to furnish necessary board and maintenance. By the last he is to secure to the party a good and comfortable living and maintenance. It is evident that these instruments embraced one transaction, and could not well be effectually closed up by a separate suit in reference to the personal and another embracing only the real estate. As such an action would lie if both the parties were alive, there is no good reason why it cannot be brought in the names of the personal representatives and heirs at law of the *cestui que trust* against those who represent the trustee; that is, his widow and heirs at law. The action is not to recover real property, as seems to be supposed, but so far as this branch of the case is concerned, and as an incident to the accounting, it simply asks a conveyance of the real estate acquired by the trustee, to the parties entitled thereto. This is only a result which follows an accounting for the rents and profits of the real estate, and is not an independent cause of action.

The amount in the hands of the defendants, as successors to the trustee, and as the persons who have received the avails of the estate, is a claim arising out of the transaction connected with the whole trust, and is so mixed up with the main subject matter — the maintenance and support of the *cestui que trust* — that it cannot very well be separated from the remainder of the trust. Nor does it necessarily follow that the claim as to the real estate can only be properly enforced by the heirs at law, and no other parties. This also is a part of the same transaction, and may very properly, I think, be united with the claim to account for the personal property received. The administrators are proper parties and

plaintiffs, because they represent the personal estate which is blended with the real estate, and the heirs at law because they represent, and are entitled to, the real estate. In uniting both together, all the parties interested against the defendants are brought into court, in conformity with the requirements of the Code, section 117.

It is not necessary to make the administrators of Abraham Richtmyer parties and defendants, because the estate has been distributed among the defendants, his widow and heirs at law, as set forth in the complaint. But if it had been, the defendants have not demurred on that account, and the objection, therefore, is not available.

I have entertained some little doubt upon the question whether the averment in the complaint, that the defendant Ervilla, took possession of the real estate upon the death of her husband, and has since been and still is in the receipt of the rents and profits does not contain a separate cause of action ; but I am inclined to think that it is only a statement of some of the facts constituting the plaintiffs' cause of action, and is not of itself a separate cause of action. It is one of the incidents to the main object of the action, which is to compel an accounting and to close up a trust. If the action had been to close up the matters connected with the real estate, I think this averment would have been proper and necessary. If it could not be effectually closed up in one suit, and until after a liability under the trust had been established and a judgment obtained accordingly, the parties would be left to pursue a separate remedy against Ervilla alone, for the notes received by her. This, it seems to me, would scarcely be required in an action of such a character, either as to the real estate or where the real and personal are inseparably connected, as they are here. If such a rule could be invoked, then if one of the heirs had received a portion of the rents and profits, and another a portion, it would be necessary to bring separate suits against each one. Ervilla being the widow of the trustee, circumstances might be shown

by which she might be considered as acting on the behalf of, or in connection with, her children, so as to make her liable to account for them as well as on her own behalf. In any point of view I think it was proper to unite in the same action every thing connected with the trust and arising from it.

It is said that the causes of action "must affect all the parties to the action," (that is, must *each* affect all the parties.) The case to which we are referred as authority for the doctrine last stated, (15 *How. Pr.* 85,) was an action where several causes of action were united against several defendants where there was no connection whatever between the defendants, and where the transactions with the defendants, were separate and distinct, and unconnected with each other. In the case at bar, the cause of action set forth does, I think, affect all the parties, and is one of that class of actions which is favored in equity, and which authorizes all the parties interested to be brought in, so as to do ample and complete justice and thus prevent excessive litigation. (*Story's Eq. Juris.* § 457.) In the *New York and New Haven Railroad Co.* v. *Schuyler,* (17 *N. Y. Rep.* 592,) it was held that the joinder of too many persons as defendants, when there is no misjoinder of subjects, is not a ground of demurrer, by any one of them against whom the plaintiff states a good cause of action. The learned judge, in discussing the question, says : "In this state, the joinder in one suit of causes of action in some sense *distinct from each other,* with all the necessary parties for their determination, has always been allowed with great liberality where the convenience and the ends of justice have required it ;" and he cites 6 *John. Ch.* 139, where different judgment creditors united in one bill for the purpose of reaching the estate of the common debtor, and 4 *Cowen,* 682, where the bill charged that the several defendants, in combination with each other and with the debtor of the plaintiff, took separate conveyances of his property without consideration and with an intent to defraud the plaintiffs,

and it was held that it was not a case of several distinct natures in the sense of the rule upon that subject. (*See also* 2 *Abb.* 47 ; 4 *Bosw.* 537 ; 6 *How.* 381 ; *Story's Eq. Pl.* §§ 203, 207.) The rule allowing actions to be brought where the interests of the parties are not precisely of the same character, is especially applicable in a case like the present action. " Whenever different parties are interested in an account, although not in the same right, they should all be joined ; as for instance, heirs and personal representatives, residuary legatees and distributees, mortgagors and mortgagees and their assignees ; persons receiving and holding assets in succession in virtue of their representative character ; and persons having distinct interests in the same security, either jointly, or in succession." (*Barbour on Parties,* 356, 461, *and authorities cited. See also The Trustees of Auburn Theological Seminary* v. *Kellogg,* 16 *N. Y. Rep.* 83, 94, 97.) There is but one controversy contained in the plaintiffs' complaint, and a complete determination cannot be had without the presence of all the parties in court. (*See Code,* § 122.) And I can discover no principle which would render three suits instead of one, necessary to bring it to a termination. It would appear to be needless to send the parties out of court and to increase the litigation by several suits when it can all be disposed of in this action. The conclusion to my mind is irresistible that there is no improper joinder of actions, and that but one single cause of action is here presented for adjudication.

It is especially urged that the complaint was defective because of the joinder of the husbands of three of the plaintiffs, and that this ground is sufficiently stated under the allegation that the complaint does not state facts sufficient to constitute a cause of action. We have been referred to several authorities which are supposed to sustain this position. (8 *How. Pr.* 389. 24 *id.* 353. 29 *Barb.* 512. 35 *id.* 68.) I have carefully examined them, and with the exception of 8 *How.* 389, which was a special term decision, the

Richtmyer *v.* Richtmyer.

question now under consideration was not presented in the same form as it is now raised, although the general subject is discussed. The rule, I think, is correctly laid down in *Palmer* v. *Davis*, (28 *N. Y. Rep.* 242.) At page 246 MARVIN, J. says : " If there is a misjoinder of parties, that is if the facts stated in the complaint show no cause of action against the defendants in favor of one of the plaintiffs, the defendants may demur, under the 6th subdivision of section 144, *as to such plaintiff*, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and *as to such plaintiff the complaint will be dismissed.*" Again, at page 247, the learned judge says : "In the present case the defendant could have demurred to the complaint upon the ground that it stated no cause of action in *favor of Joseph Palmer*, and *as to him* the complaint would have been dismissed," &c. Although the defendant could have demurred under the 6th subdivision, yet he must state in connection with it the plaintiff to whom he objects as a party. If he does this, the complaint can be dismissed as to " such plaintiff." If he does not, the demurrer must be disposed of in the usual manner, and without this specification it cannot be available. There may be some question whether the husbands are not interested in obtaining a decree in favor of their wives, which would give them an estate subject to be defeated by the alienation, bequest or devise of the wife, (24 *N. Y. Rep.* 372 ; 22 *id.* 110 ; 26 *How. Pr.* 496,) but as it is not required in the disposition of this case, I forbear an examination of that question.

I think that the order of the special term should be affirmed, with leave to the defendants to answer upon the usual terms.