## Case No. 14,199.

### TROY IRON & NAIL FACTORY v. WINSLOW et al.

[11 Blatchf. 513; 1 Ban. & A. 98.] [1]

Circuit Court, N. D. New York. March 17, 1874.

PARTNERSHIP—DEATH OF ONE—BILL OF REVIVOR—PATENTS—DAMAGES FOR INFRINGEMENT—PROFITS.

1. A suit in equity was brought against three persons doing business as copartners, and, as such, carrying on a manufactory, to restrain them from using a machine for which the plaintiff held letters patent, and to compel the defendants to account for and pay to the plaintiff the profits realized by the defendants from the use of said machine at said manufactory. The plaintiff had a decree for such injunction and account. The accounting was had, the master's report thereon was filed, reporting an amount of profits as due to the plaintiff, exceptions thereto were filed and argued, the opinion of the court on such exceptions was filed, but no final decree had been entered. Then one of the defendants died, leaving a will appointing an executor. The plaintiff then filed a bill of revivor, praying the revival of the suit against the executor. Held, that the profits reported constituted a debt due by the copartnership to the plaintiff;

2. The suit did not abate by the death of one of the copartners;

3. It not being alleged that the surviving copartners were insolvent, or that the copartnership assets were not sufficient to satisfy the plaintiff's demand, the bill of revivor must be dismissed.

4. No suit at law or in equity can, in this country, be sustained against the representatives of a deceased copartner, or to charge his estate for the copartnership debts, if the surviving partners are solvent and the assets of the firm are sufficient.

5. Cases in England, holding apparently a contrary doctrine, noticed.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here compiled and reprinted by permission.]

In equity.

Elisha Foote, for plaintiff.

Amasa J. Parker, for Erastus Corning, Jr., executor.

WOODRUFF, Circuit Judge. A suit was begun, and has hitherto been prosecuted, against Erastus Corning, John F. Winslow and James Horner, doing business as copartners, and, as such copartners, being the proprietors of, and carrying on their business at, what was known as the Albany Iron Works, for an injunction to restrain the use by them of a machine for which the complainant held letters patent theretofore granted to Henry Burden, and to compel the said defendants to account for and pay to the complainant the profits realized by the defendants from the use of the said machine by them at the works aforesaid. The complainant had an interlocutory decree therein, declaring the rights of the complainant, awarding an injunction, and decreeing that the defendants account for such gains and profits. [Case No. 14,195.] For the purposes of such accounting, a reference was ordered, to ascertain the amount of such gains and profits, such accounting was had, and the master's report filed. Exceptions to such report were filed and were argued, and the opinion of the court upon the exceptions has been filed [Id. 14,196], but no final decree has been entered. Afterwards, Erastus Corning, one of the defendants, died, leaving a last will and testament, wherein he appoints Erastus Corning, Junior, executor. Thereupon, the complainant, preparatory to a final decree, and with a view to an appeal therefrom, moved this court that the said executor be substituted as defendant in the place of his testator, and that the cause proceed against such executor, and the other defendants in the suit, "in the same manner that it would proceed, were the said Erastus Corning, deceased, still living." That motion was denied. The complainant has now filed a bill of revivor, setting out the proceedings in such suit, alleging its abatement by the death of the said Erastus Corning, and praying that the same be revived against the said executor, &c. The executor has answered, and, by stipulation, the parties have agreed upon certain facts, and the case has been brought to a hearing upon pleadings and proofs.

Upon consideration of the facts disclosed by the pleadings and proofs, in substance as above recited, I adhere to the views which governed the decision of the motion heretofore made in the principal cause. The theory of the case made by the complainant, and by the proofs, &c., is, that the original defendants, as copartners, by the unlawful use of the invention, the exclusive right to the use of which was vested in the complainant, have realized gains and profits which rightfully and in equity belong to the complainant; that, in equity, they were liable to be treated as trustees, receiving those profits to the use and for

the benefit of the complainant; and that the defendants were, therefore, in equity, debtors of the complainant to the amount of such gains and profits. No question of damages sustained by the complainant by the wrong done arises in such case. When the original bill was filed, and when the decretal order was made, the law did not permit the recovery of damages in such a suit. To recover damages, a patentee must go to a court of law, treat the defendants as tort-feasors, and establish his damages, which, being proved, might be recovered, whether the defendants had made any profits by their infringement of the patent or not. The subsequent alteration of the law by a statute which enables the complainant in a suit in equity to recover damages, does not apply to this case nor affect the present litigation. The original defendants then, as copartners in the business of manufacturing, &c., have received gains and profits, for which they have been required to account to the complainant, and for which he is entitled to ask a final decree. Those gains and profits constitute a debt due by the copartnership to the complainant. The liability is, in equity, in its nature, ex contractu, and a copartnership liability or obligation. On the death of Erastus Corning, his two copartners survived him. The copartnership property became, on such decree, vested in them, and the copartnership liabilities devolved upon them, as survivors. The suit, therefore, did not abate. Nothing was necessary but a suggestion of the death of Erastus Corning, and the suit would thereupon proceed against the others. This is a familiar elementary principle, and there is nothing in an equity suit founded on letters patent, and a prayer for an account of the profits arising from the infringement thereof, which withdraws this case from its operation. The fact, that the infringement was a tortious act, and the original defendants were tort-feasors, and might have been so treated, will not help the complainant. He did not so treat them, and, so far as the tortious nature of the defendants' acts gave character to the defendants or their liability, the inference is the other way. As tort-feasors, they may have been severally liable, and, being so, it would be even more plain that the suit did not abate, and that the survivors are separately liable. There is no allegation or claim that those survivors are not solvent, or that the copartnership assets are not entirely sufficient for the satisfaction of the complainant's demand. Some modern English cases have held that a creditor of a copartnership may proceed in equity against the survivors and the representatives of a deceased copartner, in the same suit, for the recovery of a copartnership debt, and indicate that this may be done without first resorting to the copartnership fund or the surviving partners, and without showing that they are insolvent. See Wilkinson v. Henderson, 1 Mylne & K. 582; Devaynes v. Noble, 2 Russ. & M. 495. In other cases, the creditor was

held entitled to pursue the estate of the deceased where the survivors had become bankrupt, and without reference to the state of the accounts between the partners or the fund in the hands of the assignees of the bankrupt survivors. See Devaynes v. Noble, 1 Mer. 529; Vulliamy v. Noble, 3 Mer. 592. The case of Wilkinson v. Henderson is pointed in its declaration that, in a suit in equity by a creditor of the copartnership against the representatives of a deceased partner and the survivor, the complainant is entitled to satisfaction out of the assets of the deceased, although it be not shown that the surviving partner is insolvent; and it was held that, in that suit, no decree could be made against the surviving partner, but against the assets of the deceased only, because the liability of such survivor was at law, and, when that was the case, equity could not even render a decree against such survivor and the representatives of the deceased jointly, but the decree must be, against the estate of the deceased alone. The decision was by the master of the rolls, and his opinion does not, it seems to me, very satisfactorily meet the grounds upon which the contrary doctrine rests. The copartnership property is the primary fund for the payment of the copartnership debts. That fund has passed to, and the title therein has become vested in, the survivors, and, in their hands, it is held, in equity, in trust for the payment of those debts. At law, confessedly, the representatives of the deceased are not liable at all, and the survivors are solely liable, and there is, in ordinary cases, no reason for going into equity until legal remedies have been exhausted, or, at least, until it is shown that they will be unavailing; and this latter consideration has the same force, in an original suit in equity, to charge the copartnership with a debt, as if the original remedy was at law. Non constat, that a decree against the survivors, and, through them, to reach the fund presumptively in their hands, will not be completely effectual. They hold, and are legally entitled exclusively to hold, in this case, the very fund which the complainant seeks to recover. No case is cited showing that the doctrine somewhat loosely, as I think, indicated in the English cases above referred to has been adopted or followed in this country, and, so far as I have observed, the rule is held otherwise and in conformity with what I have already above stated.

Where it is shown that the survivors are insolvent, then, indeed, the court of equity will entertain a bill to charge the separate estate of the deceased partner, and, under statutes which limit the time for the presentation of claims to an estate in course of settlement and distribution before a surrogate or in courts of probate, and which statutes authorize and require that all claims be so presented, they may, perhaps, be received and allowed, lest they be barred pending a litigation with the survivors. Camp v. Grant, 21 Conn. 41. But, waiving such possible quali-

fications, it is held that the creditors of the copartnership have no claim, even in equity, to payment out of the estate of the deceased partner, unless the surviving partners are insolvent, nor even then, as held in some cases, and by law-writers, though not without conflict of decision, until the separate creditors of the deceased are satisfied. The United States bankrupt law (section 36) makes a like provision. Surely this case is not to be incumbered by an endeavor to marshal the assets of the deceased copartner, the defendants' testator. Thus, in Trustee, etc., v. Lawrence, 11 Paige, 80, the chancellor notices that there are some recent cases in England in conflict with the decisions in this country, and holds that a creditor of a copartnership cannot file a bill in equity against the representatives of a deceased copartner without showing that the survivors are insolvent, or showing some other ground of necessity for such a proceeding. The case of Wilder v. Keeler, 3 Paige, 167, proceeds upon the like principle, and upon the necessity, as the case may be, of marshalling the assets in favor of creditors of the separate estate of the decedent. The case of Trustees, etc., v. Lawrence, was considered further on appeal to the court of errors. 2 Denio, 577. The recent English cases were reviewed, and the decree of the chancellor was unanimously affirmed. Numerous cases in this country are cited to show that the doctrine upon which alone the decision seems to have been placed in England, viz., that the liability of copartners is joint and several, is not sustained in this country, so as to warrant any such conclusion as was drawn therefrom. That their liability is not solely joint in such sense that the death of a copartner terminates his liability, so that his estate can, in no event, be charged, must be conceded, but it is not several in such sense that a several action, either at law or in equity, can be maintained against his representatives on mere proof of a copartnership liability. Thus, in Sturges v. Beach, 1 Conn. 509, it is said, that it is only on the failure of the survivors that the estate of the deceased can be made liable in equity. In Alsop v. Mather, 8 Conn. 584, apparently overlooking some of the cases already decided in England, it is said, that "there is no case in England or in this country, in law or in equity, of pursuing the effects of a deceased partner while the surviving partner is solvent." The same rule is affirmed in the opinion of the court in Filley v. Phelps, 18 Conn. 294. The cases of Lang v. Keppele, 1 Bin. 123, Caldwell v. Stilleman, 1 Rawle, 212, and Hubble v. Perrin, 3 Ohio, 287, are cited to the same effect. The cases of Van Reimsdyk v. Kane [Case No. 16,871], by Mr. Justice Story, and Pendleton v. Phelps [Id. 10,923], in the circuit courts of the United States, affirm the same rule, and so does the case of Bennett v. Woolfolk, 15 Ga. 213. In the opinion of the court in Bloodgood v. Bruen, 4 Seld. [8 N. Y.] 362, 371, the same doctrine is positively stated, and it is declared that, un-

24 FED.CAS.—16

til the insolvency of the copartner, no cause of action exists against the estate of the deceased, and that it is by such insolvency the cause of action accrues against such estate, and, therefore, that the statute of limitations does not begin to run in favor of the estate until the cause of action has so accrued. So late as the year 1858, the subject was again considered in the court of appeals of this state, after the enactment of our Code of Procedure, which, however, has no application to suits in equity in the federal courts, under the 5th section of the act of congress of June 1st, 1872 (17 Stat. 197). In that case, the court again review the cases in England, above adverted to, and collate most of the cases in this country above mentioned, and hold, that the personal representatives of a deceased partner cannot be joined as a party defendant with the surviving partner, in an action for a partnership debt, where the complaint does not show the complainant's inability to procure satisfaction from the survivor. The bill herein must be dismissed, with costs.