MARY LITTELL, GENERAL GUARDIAN, ETC., AND OTHERS, RESPONDENTS, *v.* JOB SAYRE AND NATHAN W. SAYRE AND OTHERS, APPELLANTS.

*Pleading — Practice — Demurrer — Joinder of parties, and causes of action — Account — action for, against heirs and executors, jointly.*

Where different persons are interested in an account, although not in the same right, they may, and in most cases should, all be joined.

Where the complaint sets forth facts, sufficient to show the liability of the defendants who demur, they cannot raise the question of the sufficiency of the complaint, as respects the other defendants.

The rule that an action cannot be maintained against heirs or devisees and the executor or administrator, jointly, does not apply where the creditor has established his demand before the surrogate, and the personal estate of the deceased has been concealed or wasted.

APPEAL from an order overruling a demurrer to the complaint.

The complaint alleges that Henry Sayre was appointed general guardian for three infant plaintiffs in 1853, received a large amount of their property, and died intestate in 1860, leaving real and personal property, sufficient to pay all his debts, and the defendants Job and Nathan Sayre, and others, his children and heirs at law. His widow and son William administered upon his estate, and,

after his death, Mary Littell was appointed general guardian for two of the infants, and the plaintiff Charles S. Baker for the other infant. The accounts of the administrators were finally settled before the surrogate of Yates county, and the amounts due the infants from the estate of Henry Sayre were allowed, and a dividend of about fifty-six per cent was ordered to be paid them as their share of the personalty, leaving a large balance unprovided for. The dividend was never paid; the administrators had no property from which it could be collected. George, another son of Henry Sayre, died in 1864, leaving defendants Harriet Sayre, his widow, and Wheeler G., his son. The defendant Albert T. was, in 1866, appointed administrator of George's estate. William Sayre died in 1872, leaving defendants William H., Frederic and Alice, his children, and defendant Job Sayre was appointed administrator of his estate. The heirs at law of Henry Sayre have sold all the real estate which descended to them, except a village lot worth $400, which is much less than the amount due to the infants from the estate of Henry Sayre. The defendants Anthony C. Harpending and John T. Andrews are sureties on the bond of Henry Sayre, as guardian of the infants. The defendant Supplee is the surviving surety of the administrators of Henry Sayre. The complaint prays judgment: 1. For an account of the funds in hands of defendant Job Sayre, as administrator of Henry Sayre, which should be applied, on the surrogate's decree, in favor of the plaintiffs. 2. For an account of the funds in hands of administrators of Henry Sayre, and they be ordered to pay the amount on plaintiffs' claim. 3. That defendants Andrews and Anthony C. Harpending be decreed to pay the amount due plaintiffs from Henry Sayre as guardian, after applying thereon amounts to be collected from administrators of estate of Henry and William Sayre, or the heirs at law of Henry Sayre. 4. That the rights of parties respectively be decreed. 5. That any necessary account may be taken. 6. For other or further relief. The defendants Job and Nathan demur to the complaint on the grounds that: 1. It does not state facts sufficient to constitute a cause of action against them. 2. It includes causes of action which cannot be joined. 3. It includes causes of action in favor of some of the plaintiffs and against some of the defendants, in which the other defendants have no interest.

*David B. Prosser,* for the appellants.

*Charles S. Baker,* for the respondents.

GILBERT, J.:

We think the demurrer in this case was properly overruled. The reasons which appear in the opinion of the court below are satisfactory. It may be added that the action is for an account. No other cause of action is set forth in the complaint. When different persons are interested in an account, although not in the same right, they may, and in most cases should, all be joined. (Story Eq. Pl., § 219; *Richtmyer* v. *Richtmyer,* 50 Barb., 55.) The causes of action against the several defendants are consistent with each other, and they all arose out of transactions connected with the same subject of action, namely the liability of Henry Sayre, deceased, as guardian of the infant plaintiffs. (Code, § 167.)

The complaint sets forth facts sufficient to show the liability of both defendants who demur, to account. They cannot raise the question of the sufficiency of the complaint as respects the other defendants. (*Richtmeyer* v. *Richtmeyer, supra.*)

It is a sufficient answer to the objection that an action cannot be maintained against heirs or devisees and the executor or administrator of a deceased person, jointly, under the provisions of the Revised Statutes, that such rule does not apply where the creditor has established his demand before the surrogate, and the personal estate left by the deceased has been concealed or wasted. In such a case the executor or administrator may be called to account in a court of equity, and the heir or devisee has a direct interest in the taking of such account.

The remedy for the omission to describe the lands which descended to the heirs, is by motion to make the complaint more definite and certain, and not by demurrer.

We think the order should be affirmed, with costs.

SMITH, J., concurred. MULLIN, P. J., did not vote.

Order affirmed, with costs.