FRANCES C. SKIDMORE, ADMINISTRATRIX, RESPONDENT, *v.* CATHARINE N. COLLIER, ADMINISTRATRIX, IMPLEADED WITH OTHERS, APPELLANT.

*Partnership accounting — Surviving partner — Different causes of action — Joinder of administrator and heirs.*

In an action by the administratrix of A. against the administratrix of B. for an accounting in respect to a partnership existing between A., B. and C., alleging that after the death of A. the partnership was continued by B. and C., as surviving partners, for a short period, when B. purchased the interest of C. with partnership effects, and thereafter continued the business as sole surviving partner until his death; and that after the death of B., his widow and administratrix, the defendant (who had since married one Collier) carried on the same business with the partnership capital and effects, and that no accounting of the interests of A. had ever been rendered to the plaintiff, who was his widow and administratrix; that the other defendants were the children of B. and made defendants on the ground of a partial distribution of their father's estate to them; and that some of the real estate which descended to them, as heirs of their father, was in fact purchased with the funds of the partnership aforesaid, and so constituted a part of the assets thereof: on demurrer to the complaint by the defendant Collier, administratrix, interposed on the ground that the facts stated in the first cause of action did not constitute a cause of action against her, and that several causes of action had been improperly united in the complaint:

*Held*, that the facts stated made out a case within the equitable jurisdiction of the court.

That a surviving partner, though he has a legal right to the partnership effects, yet, in equity, is considered a trustee to pay the debts and dispose of the effects for the benefit of himself, and the estate of his deceased partner

That the capital of the deceased partner is to be treated as trust property; and when it has been employed in carrying on the business of the concern, so much of the subsequent profits as can be attributed to the employment of such capital must be accounted for by those who have used it; and on this principle the defendant Collier was liable, as administratrix, to account for the *quasi* breach of trust of B., her intestate, and hence a cause of action was correctly stated against her.

That there was really but one cause of action set out in the complaint, namely, the right to an accounting concerning the affairs of the partnership mentioned; and no distinct cause of action set forth against the defendants other than Collier, the administratrix; but in such an action it was proper to make all persons parties who were interested in the subject-matter of the accounting, although the interests of the several defendants did not accrue in the same right.

APPEAL from an order made at Special Term, overruling a demurrer to the complaint.

The action was brought June 12, 1875, by plaintiff as administratrix of William D. Skidmore, deceased, against the defendant Collier as administratrix of Henry Skidmore, deceased, together with the next of kin and heirs at law of said Henry Skidmore, alleging a partnership between their respective intestates, and demanding an accounting, etc.

The amended complaint alleged that, about 1859, said Henry Skidmore and William D. Skidmore, together with one Frank Bush, formed a partnership for the purpose of printing and bronzing tinfoil.

This partnership was to continue, so far as Bush was concerned, fourteen years, but, as between the Skidmores, it was to continue indefinitely ; *i. e.*, it was terminable at will, and, of course, by the death of either partner.

Each partner was to share equally in the profits, losses and property of the firm.

Bush furnished all the money, and the Skidmores furnished an invention for printing and bronzing tinfoil, a patent for which was to be applied for.

This partnership continued until the death of plaintiff's intestate, William D. Skidmore, April 11, 1862, at which time his interest in the business was worth about $20,000, and his interest in the stock, etc., about $3,000.

Plaintiff was appointed administratrix of the goods, etc., of William D. Skidmore, on July 2, 1862.

After the death of William D. Skidmore, Henry Skidmore continued to carry on the business with the firm assets until his death in 1873 ; although he had, in 1864, with the firm assets, bought out Bush's interest in the firm, after which time all the firm assets became the property of said Henry Skidmore, as surviving partner, " for the benefit of himself and this plaintiff as administratrix," etc.

Up to the time of Henry Skidmore's death, he received the moneys, and paid the debts and liabilities of the firm.

With the proceeds of this business, Henry Skidmore obtained from the United States government certain patent rights, and also purchased certain real estate in his own name.

Henry Skidmore died intestate, May 19, 1873, possessed of all the property, etc., of the firm, and leaving his widow the defendant, since married to one Collier, and the other defendants, his children, only next of kin and heirs at law.

June 9, 1873, the defendant Collier " was duly appointed administratrix " of the goods, etc., of Henry Skidmore, and, as such, took possession of all the property, etc., of Henry Skidmore, " by him derived from the aforesaid copartnership business as such sole surviving partner."

Since the death of W. D. Skidmore, the plaintiff had not received, from either Henry Skidmore or the defendant Collier, any of the moneys, etc., of said business, except that Henry Skidmore, during his life, paid her about forty dollars per month ; but neither said Henry Skidmore, nor the defendant Collier, as his administratrix, have ever accounted to plaintiff.

On or about April 19, 1875, the defendant Collier, "as such administratrix, in pursuance of a decree of the surrogate of the county of Westchester, paid over the assets of the estate of the said Henry Skidmore, including the said copartnership property of which he died possessed as aforesaid," to the defendants, and " the sums hereafter to come into the hands of the said defendant, Catharine N. Collier, as such administratrix," would not be sufficient to satisfy plaintiff's claim, without resorting to the moneys already distributed as aforesaid.

The plaintiff, as such administratrix, since December 1, 1874, and before the commencement of this action, demanded of the defendant Collier, as such administratrix, an accounting.

There was no allegation that any more or further assets could possibly come into the hands of the appellant, as administratrix.

The second cause of action " repeats and renews the allegations set forth under the head of the first cause of action," and alleges that the defendant Collier, after the death of Henry Skidmore, " as his administratrix took possession," of all the property of said firm, " and as such administratrix continued to carry on said business," disposed of the patent rights, etc., and has never accounted.

It also alleges that the defendant Collier, as such administratrix,

" in pursuance of the decree of the surrogate of Westchester county, hereinbefore referred to, distributed, as part of the assets of said estate of Henry Skidmore, deceased," the firm assets ; and has not funds to pay plaintiff's claim, " without resorting . to the moneys so distributed to the other defendants," and again alleges a demand for an accounting, a refusal, etc.

The defendant Collier demurred to the first cause of action upon the ground, that the facts therein stated did not constitute a cause of action against her.

She also demurred to the whole amended complaint upon the ground " that several causes of action had been improperly united in said amended complaint."

*C. C. Prentiss*, for the appellant.

*R. Mc K. Bunsby*, for the respondent.

GILBERT, J. :

There is really but one cause of action set forth in the complaint. The object of the suit is to obtain an accounting in respect to a partnership formerly existing between William D. and Henry Skidmore and one Bush, upon the allegation that after the death of William the partnership business was continued by Henry and Bush as surviving partners, for a short period, when Henry purchased the interest of Bush, and thereafter carried on the business as sole surviving partner until his death, and that after the death of Henry, his widow and administratrix, who has since married Mr. Collier, carried on the same business, with the partnership capital and effects, and that no accounting of the interest of William has ever been rendered to the plaintiff, who is his widow and administratrix.

The first count is confined to the business done during the life of Henry, while the second includes that and also the business carried on after the death of Henry by his administratrix, Mrs. Collier. The other defendants are the children of said Henry, and his next of kin and heirs at law. They are made parties upon the allegation that their co-defendant has made a partial distribution of the assets of their father's estate to them as his next of kin, and that in that

way they received moneys which belong to the plaintiff as adminis-tratrix of William D. Skidmore, and upon the further allegation that some of the real estate which descended to them as heirs of their father, was in fact purchased with the funds of the partnership aforesaid, and so constitutes a part of the effects thereof.

We repeat, these facts constitute only one cause of action, namely the right to an accounting concerning the affairs of the partnership mentioned. In such an action it is proper to make all persons par-ties who are interested in the subject-matter of the accounting. It matters not that the interests of the several defendants did not accrue in the same right. All persons should be joined whose interests are involved in the accounting sought, howsoever such interests may have arisen, as for instance heirs and personal repre-sentatives, residuary legatees and distributees, mortgagors and mort-gagees and their assignees. (Story Eq. Pl., § 319.) Such is the rule prescribed by the Code (§§ 118, 119; *Richtmyer* v. *Richtmyer*, 50 Barb. 55; 1 Wait's Pr. 137.)

The facts stated in the complaint clearly make out a case within the equitable jurisdiction of the court. A surviving partner, though he has a legal right to the partnership effects, yet in equity is con-sidered merely as the trustee to pay the partnership debts, and to dispose of the effects of the concern for the benefit of himself and the estate of his deceased partner. It is the duty of the surviving partner to wind up the affairs of the partnership, and to account for, and pay over to the personal representative of the deceased partner his share of the partnership effects. If he has continued the part-nership business with the partnership funds, he is, as a general rule, liable to account for all profits made thereby, and the losses, if any, must be borne by himself. The capital of the deceased partner will be treated as trust property, and when it has been employed in carrying on the business of the concern, so much of the subsequent profits as can be attributed to the employment of the capital must be accounted for by those who have used it. (Lindley Part., 830, *et seq.*; Story Part., §§ 343, 346; Willard Eq. [Potter's ed.] 708; *Case* v. *Abeel,* 1 Paige, 398.) This principle renders the defendant administratrix liable to account for the *quasi* breach of trust com-mitted by the intestate, Henry Skidmore. That is sufficient to dispose of the first ground of demurrer. She is also charged with

a like liability as administratrix, arising out of her carrying on said business after the death of said intestate. That is not a distinct cause of action. She merely followed the course pursued by said intestate in continuing the business. He treated the partnership effects as if they belonged solely to himself, and she acted accordingly, in administering the personal estate left by him. Her acts were not done on her own account, but in her capacity of administratrix. Having as administratrix received the effects of the partnership, and the profits which accrued from the use thereof, and having acted in carrying on the business *bona fide* for the benefit of the estate which she represents, she is liable in her representative capacity and ought not to be liable personally. (*Pugsley* v. *Aikin,* 1 Ker., 497.)

Nor is any distinct cause of action set forth against the heirs and next of kin of Henry Skidmore. They are liable only to refund such sums as may be necessary to make good the amount which shall be found to be due to the plaintiff upon the accounting, and to have the real estate which has descended to them applied to the same purpose. It is not the object of the action to enforce the liability imposed on them by statute in respect to creditors of their father.

The order overruling the demurrer must be affirmed with costs, with leave to defendants to answer in twenty days on payment of costs.

BARNARD, P. J., concurred. DYKMAN, J., not sitting.

Order overruling demurrer affirmed, with costs, with leave to defendant to answer in twenty days, on payment of costs.