## SUPREME COURT.

WILLIAM A. COLEMAN agt. ANNIE B. PHELPS and others.

*·Action to set aside conveyance — parties thereto — Joinder of causes of action.*

In an action to set aside a conveyance of land fraudulently obtained, it is not improper to join a claim for the rents received by the grantee. And where such action is brought after the death of the grantee, intestate, it is not improper to join with the widow and heirs of the deceased the administrator as a party.

Equity seeks to avoid a multiplicity of suits, and where the rights of all the parties may be well determined in one action, it is best that such action should be upheld where no positive rule of law, or settled practice is violated

*Special Term, December*, 1878.

DEMURRER to complaint.

*Edward Mitchell*, for plaintiff.

*Q. McAdam*, for defendant.

VAN VORST, *J*. — The substantial relief sought by the plaintiff in this action, as indicated by the allegations of the complaint, is that the conveyance made by him to his father should be set aside as fraudulently obtained, and that he should recover the rents, wrongfully, as is alleged, collected by his father. Had the action been commenced in the lifetime of the father, I think the causes of action could have been joined, as they originated in fraudulent claims put forward by the

father, which were continued until they culminated in the conveyance, which is now sought to be impeached. This the complaint alleges. I am not certain that the death of the father, his heirs, widow, legal and personal representatives being made defendants, all interested in his estate, has made it improper to join the causes of action, which look to com-.prehensive and full relief.

It may be true that the claim for rents, collected by the intestate father, might be maintained against' the administratrix, and if an account of their rents, and their recovery, was the only relief sought, she might have been sued alone, and without joining with her the next of kin and heirs.

But this is an action in equity. The complaint alleges fraudulent claims and assertions on the part of the intestate, in respect to his rights to the land and the rents, in hostility to the plaintiff, and that these claims and pretenses were advanced and continued until the conveyance sought to be set aside was obtained.

That it was through these fraudulent claims he collected the rents and secured the deed of conveyance. The fraud, though continued, was one.

If the only relief sought was the setting aside the deed, the assertion of the anterior fraudulent claims and pretenses, accompanied by acts, would not have been wholly immaterial.

Although the heirs of the intestate are necessary parties, as is his widow, to an action for relief in this particular regard, I cannot say that the administratrix is, yet she may not be a wholly unnecessary party. I think she is not under the complex character of the complaint.

And in respect to the claim for the rents, the widow, next of kin and heirs are directly interested in the result. Upon the whole, when we consider the scope of the complaint and the relief sought, and which affects all the defendants, although not, perhaps, in the same degree, I cannot conclude that it was improper to bring them all in as defendants.

Equity would avoid a multiplicity of suits. And when the

With regard to actions on the equity side of the court the rule with respect to parties is more flexible than at law.

I think that upon the principle laid down in *Rechtmeyer* agt. *Rechtmeyer* (50 *Barb.*, 55), the joinder of the causes in this case may be justified (*See, also, New Haven R. R. Co.* agt. *Schuyler*, 17 *N. Y.*, 592, 606, 607; *Code, sec.* 447).

There should be judgment for the plaintiff on the demurrer, with liberty to the defendants to answer in twenty days, on payment of costs.

No appeal.