LAURA M. HOARD and others *vs.* AMBROSE L. CLUM.

October 29, 1883.

Demurrer—Excess of Parties.—An *excess* of parties is not ground of demurrer as "a defect of parties," in the meaning of Gen. St. 1878, c. 66, § 92, subd. 4.

Partnership—Effect of Death of Partner—Provision for Continuance of Business.—In the absence of previous agreement to the contrary, the death of a partner works a total dissolution of a partnership; that is to say, a dissolution both as respects the deceased and surviving partners. A simple provision in the articles for the continuance of the partnership for a fixed period is not such an agreement.

Same—Dissolution—Winding-up.—In case of dissolution, the right of surviving partners, and of the representatives of a deceased partner, to have the partnership wound up and any surplus property distributed, is of course.

Action for an accounting and the winding-up of the affairs of a partnership, brought in the district court for Goodhue county. The

plaintiffs in the action are three of the partners and the widow and heirs-at-law of a fourth partner, and the defendant is the only other partner. The complaint sets out the making of the partnership and recites in full the partnership articles. From these articles, which are dated March 15, 1880, it appears that the partnership was formed, under the name of the Clum Compounding Company, for the purpose of manufacturing and selling a medicine known as the Clum Liver Cathartic, and that the partnership was "to have an existence of thirty years from the date of these articles, unless sooner dissolved by mutual consent." The articles also provide for the taking of inventories at stated times, and that, in case any member of the partnership may wish at any time to dispose of his interest in the business, the other partners are to have the right to purchase such interest by paying its value as determined by the last preceding inventory. The articles then provide that "in case of death of any member of the Clum Compounding Company, the heirs of such member may retain their interest therein, with all the rights and privileges of the original members; and the administrator of his estate, or the executor under his will, shall represent such heir or heirs at the meetings (or otherwise) of said company, so as to share the burden of management; and in the event that this cannot be done, the Clum Compounding Company shall have the right to purchase the interest of such deceased member in the same manner, and for the same amount, as in the case of a member wishing to sell as before stated. Nothing in the foregoing articles is to be construed as meaning that the Clum Compounding Company is compelled to pay at the inventory price, but it simply gives the right to buy on the above-named terms if it chooses to do so; and each party to this agreement hereby grants such right and privilege to buy such retiring or deceased party's interest on above-named terms, the company reserving the right to buy at a better figure and terms if they can." The complaint further alleges the adoption of a resolution, on February 17, 1882, for the discontinuance of business and the dissolution of the partnership, and due notice thereof given to defendant; also the death of one of the partners, on April 1, 1882, and the refusal of each and all of the plaintiffs to purchase the interest of the deceased partner.

Defendant demurred to the complaint on the grounds (1) that there is a defect of parties plaintiff, and (2) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled by *McCluer*, J., and the defendant appealed.

*J. C. McClure*, for appellant.

*W. C. Williston*, for respondents.

BERRY, J. 1. An *excess* of parties is not ground of demurrer as "a defect of parties," in the meaning of Gen. St. 1878, *c.* 66, § 92, subd. 4; Pomeroy on Remedies, § 206; *Richtmyer* v. *Richtmyer*, 50 Barb. 55; *Allen* v. *City of Buffalo*, 38 N. Y. 280; *Lewis* v. *Williams*, 3 Minn. 95, (151.)

2. Three members of a partnership firm and the heirs of a deceased fourth bring this action against the remaining member, for the purpose (1) of having the partnership adjudged dissolved; (2) of having the partnership wound up, and, to that end, an accounting had, a receiver appointed, its assets converted, its debts paid, and the rights of the partners among themselves ascertained and adjusted.

In the absence of previous agreement to the contrary, the death of a partner works a total dissolution of a partnership; that is to say, a dissolution both as respects the deceased and the surviving partners. Pollock on Partnership, § 183; Collyer on Partnership, §§ 103, 106; Story on Partnership, §§ 317, 319*a; Marlett* v. *Jackman*, 3 Allen, 287; *Roberts* v. *Kelsey*, 38 Mich. 602; 1 Lindley on Partnership, 231. A simple provision in the articles for the continuance of the partnership for a fixed period, as, in the present instance, for 30 years, is not such an agreement. Collyer on Partnership, §§ 100, 105; *Crawford* v. *Hamilton*, 3 Madd. 251; *Crosbie* v. *Guion*, 23 Beav. 518; Story on Partnership, § 319*a*. Mining partnerships appear to be governed by somewhat different rules. *Jones* v. *Clark*, 42 Cal. 180.

In case of such dissolution, the right of surviving partners and of the representative of a deceased partner to have the partnership wound up, and any surplus property distributed, is matter of course. 1 Collyer on Partnership, § 107.

In the case at bar the partnership was dissolved by the death of the partner Hoard. The articles contain no stipulation for the continuance of the business of the concern, except upon specified contin-

gencies, none of which have occurred, and none of, which, therefore, cut any material figure in the case. It follows that the three partners plaintiff can maintain this action against the partner who refuses to recognize the dissolution, and to co-operate in closing up and adjusting the business of the concern. As respects their right to maintain it, it is not important that the heirs of the fourth partner, who are joined with them as plaintiffs, have alleged no facts to show that they are proper parties to the action, nor that the executor or administrator of the deceased is not joined; for no objection, as respects *parties*, has been taken, except that there is a *defect* of parties on account of the joinder of the heirs, and this we have disposed of.

Order affirmed.