## THE RELIABLE ENGINE COMPANY v. FERCH BROTHERS.[1]

May 7, 1920.

No. 21,610.

**Sale — acceptance after trial — evidence.**

1. The evidence sustains a finding that there was an acceptance of an engine sold by the plaintiff to the defendants with a right of trial, and a completed sale, and that negotiations had between the parties relative to a return of the engine did not result in an agreement.

**No abatement of action as to survivors by death of defendant partner.**

2. The death of one copartner pending an action of a survivable character against the copartnership does not abate as against the survivors, and they are not entitled to a continuance so that the personal representative may be substituted nor should he be substituted.

**Refusal to set aside judgment.**

3. The court did not abuse its discretion in refusing to vacate the judgment so that the surviving partners might interpose a defense.

Action in the district court for Big Stone county to recover a balance of $500 upon the sale of an engine. The case was tried before Flaherty, J., who made findings and as conclusions of law ordered judgment in favor of plaintiff for $597.50. From the judgment entered pursuant to the order for judgment and from an order denying their motion to set aside the judgment and for a new trial, defendants appealed. Orders and judgment affirmed.

*Edgerton & Dohs* and *A. B. Kaercher,* for appellants.

*Cliff & Purcell,* for respondent.

DIBELL, J.

This is an action to recover the sale price of an engine. There were findings and judgment for the plaintiff. The defendant C. J. Ferch died shortly prior to the trial. The other defendants appealed from the judgment, from an order denying their motion to set aside the judg-

[1]Reported in 177 N. W. 657.

ment and allow them to interpose a defense, and from an order denying their motion for a new trial.

1. On December 13, 1915, the plaintiff and the defendants, copartners as Ferch Brothers, entered into an agreement for the sale and purchase of an engine for the sum of $725, $225 in cash and the balance after a ten days' trial. The engine was forthwith shipped and was received by the defendants. It was bought for use on a dredge. The ground was frozen at the time and it was impossible to use the dredge. Matters dragged along, no test was made, and no settlement was had. There was considerable correspondence looking to a return of the engine, but nothing came of it. There is evidence that in January, 1917, C. J. Ferch was at the plaintiff's factory, stated that the engine was satisfactory, and promised that as soon as he got home he would settle for it. From all the evidence the court was justified in finding that there was an acceptance of the engine and a completed sale. The evidence does not indicate that the negotiations looking to a return of the engine resulted in an agreement, at least a finding to that effect was not required.

2. Some ten days before the case came on for trial the defendant C. J. Ferch died. The defendants sought a continuance and insisted that it was necessary to substitute the personal representative of the deceased partner. The court ruled against the defendants and it was right.

An action in its nature survivable against a copartnership does not abate as to the survivors upon the death of a copartner, but proceeds against them without a substitution of the personal representative of the deceased. Crapp v. Dodd, 92 Ga. 405, 17 S. E. 666; King v. Bell, 13 Neb. 409, 14 N. W. 141; Hess v. Lowrey, 122 Ind. 225, 23 N. E. 156, 7 L.R.A. 90, 17 Am. St. 355; Troy Iron & Nail Factory v. Winslow, 11 Blatchf. 513; 2 Bates, Part. §§ 725, 1055; 5 Enc. Pl. & Pr. 839; 1 C. J. 164. The death of a partner works a dissolution and it is for the surviving partners to wind up the copartnership business and account. Hoard v. Clum, 31 Minn. 186, 17 N. W. 275.

Whatever irregularity there was in entering judgment against all the defendants after the death of the defendant C. J. Ferch was cured by the subsequent order of the court dismissing the action as to C. J.

Ferch and satisfying the judgment as to him and retaining it as against the surviving partners.

3. After the entry of judgment the defendants moved for an order vacating it so that they might interpose a defense. This motion was denied. In support of it the defendant Michael Ferch claimed that he had a conversation with counsel for the plaintiff, which resulted in an understanding that there should be a continuance. His affidavit goes little farther than a showing that he supposed that a continuance would be granted. The claim that there was an agreement for a continuance is directly met by opposing affidavits. It would be difficult to sustain a finding that Mr. Ferch had an agreement for a continuance. The fact is to the contrary. It is likely that he supposed that one would be conceded, and he communicated with his brother C. F. Ferch, who told Mr. Kaercher, their attorney, that arrangements had been made for a continuance. Upon this Mr. Kaercher relied and was free of fault, but his clients were not justified in assuming that a continuance would be given. It appears that a default judgment had once been entered and had been opened that the defendants might defend. There was no abuse of discretion in refusing to vacate the judgment and permit the defendants to interpose a defense.

Orders and judgment affirmed.